UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ESTERVINA PAULINO,

                                       Plaintiff,

- against -

GLADYS CARRION, as Commissioner of the New
York State Office of Children and Family Services,
and THOMAS R. FRIEDEN, M.D., as
Commissioner of the New York City Department of
Health and Mental Hygiene,

                                       Defendants.

**ANSWER TO COMPLAINT**

07 CV 5773
(LAK) (GWG)

(ECF)

----------------------------------------------------------------------X

        Defendant THOMAS R. FRIEDEN, M.D., as Commissioner of the New York City Department of Health and Mental Hygiene, (hereinafter "DOHMH," the "City defendant") by his attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully alleges as follows:

        1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as described therein.

        2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed as described therein.

        3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to proceed as described therein.

        4.     Denies the allegations set forth in the first sentence of paragraph "4" of the complaint, except admits that the Court has jurisdiction over plaintiff's federal claims and that the Court has discretion to exercise jurisdiction over plaintiff's state law claims. Denies the allegations set forth in the second sentence of paragraph "4" of the complaint, except admits that

this Court's exercise of supplemental jurisdiction over state claims is governed by the provisions of 28 U.S.C. §1367.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to proceed as described therein and that this Court has authority to grant declaratory and injunctive relief.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that venue is proper.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint, except admits that the records of DOHMH reflect that plaintiff is registered as a provider of family day care and that such program is located at 545 West 164th Street, Apartment 4A, New York, New York, 10032.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that respondent Gladys Carrion is the Commissioner of the New York State Office of Children and Family Services ("OCFS," the "State defendant"); that the primary office of OCFS is located at 52 Washington Street, Rensselaer, New York; that OCFS regulates, *inter alia,* family day care providers, and respectfully refers the Court to NY Social Services Law ("Soc. Serv. Law") §390 for the provisions governing regulation of child care providers in the State of New York.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that respondent Thomas R. Frieden, M.D., is the Commissioner of DOHMH, and that pursuant to a contract with OCFS, DOHMH provides licensing and registration services for, *inter alia*, family day care, as regulated under Soc. Serv. Law §390 and the regulations of the New York State Department of Social Services.

10. Denies so much of the allegations set forth in paragraph "10" of the complaint as alleges or purports to allege that the City defendant acted improperly or contrary to law.

11. Denies so much of the allegations set forth in paragraph "11" of the complaint as alleges or purports to allege that the City defendant acted improperly or contrary to law.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, and further denies so much of the allegations as alleges or purports to allege that the City defendant acted improperly or contrary to law.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, and further denies so much of the allegations as alleges or purports to allege that the City defendant acted improperly or contrary to law.

14. Denies so much of the allegations set forth in paragraph "14" as is inconsistent with the statute cited therein.

15. Denies so much of the allegations set forth in paragraph "15" as is inconsistent with the statute cited therein.

16. Denies so much of the allegations set forth in paragraph "16" as is inconsistent with the statute and regulations cited therein.

17. Denies so much of the allegations set forth in paragraph "17" as is inconsistent with the statute and regulations cited therein.

18. Denies so much of the allegations set forth in paragraph "18" as is inconsistent with the statute and regulation cited therein.

19. Denies so much of the allegations set forth in paragraph "19" as is inconsistent with the regulation cited therein.

20. Denies so much of the allegations set forth in paragraph "20" as is inconsistent with the regulations cited therein.

21. Denies so much of the allegations set forth in paragraph "21" of the complaint as alleges or purports to allege that the City defendant acted improperly or contrary to law.

22. Denies so much of the allegations set forth in paragraph "22" as is inconsistent with the statute cited therein, except admits that the New York City Administration for Children's Services ("ACS") is the child protective services agency for the City of New York.

23. Denies so much of the allegations set forth in paragraph "23" as is inconsistent with the statute cited therein.

24. Denies the allegations set forth in paragraph "24" of the complaint, except admits that the records of DOHMH reflect that plaintiff is registered as a provider of family day care.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint, except admits that plaintiff has communicated orally with staff members of DOHMH in Spanish.

26. Denies the allegations set forth in paragraph "26" of the complaint, except admits that plaintiff has been charged by OCFS with failing to comply with various requirements

regarding supervision of day care children, based on the incident of October 5, 2006, at which time it is alleged that plaintiff was drinking hot coffee in the children's play area, that such coffee spilled upon the face and abdomen of a child under plaintiff's care, causing first and second degree burns to the child, that plaintiff failed to take the child to the hospital or call 911 for transportation and that plaintiff did not contact OCFS to advise of this incident; and denies knowledge or information sufficient to form a belief as to any treatment rendered by plaintiff to the child subsequent to the injurious event.

27. Denies the allegations set forth in paragraph "27" of the complaint, except admits that plaintiff has been charged by OCFS with failing to comply with various requirements regarding supervision of day care children, based on the incident of October 5, 2006, at which time it is alleged that plaintiff was drinking hot coffee in the children's play area, that such coffee spilled upon the face and abdomen of a child under plaintiff's care, causing first and second degree burns to the child, that plaintiff failed to take the child to the hospital or call 911 for transportation and that plaintiff did not contact OCFS to advise of this incident; and denies knowledge or information sufficient to form a belief as to the content of any conversations between plaintiff and the child's foster parent.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint, except admits that the incident of October 5, 2006 was investigated by ACS.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint, except admits that the incident of October 5, 2006 was investigated by ACS.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint, except admits that the incident of October 5, 2006 was investigated by ACS.

31. Denies the allegations set forth in paragraph "31" of the complaint, except admits a DOHMH inspector visited plaintiff's residence on October 10, 2006 to investigate the incident of October 5, 2006 and that plaintiff spoke to the inspector in Spanish.

32. Denies the allegations set forth in paragraph "32" of the complaint, except admits that by letter dated October 10, 2006, DOHMH notified plaintiff, in English, that on October 6, 2006 a complaint was filed against plaintiff's family day care program, and provided plaintiff with details of uncorrected violations observed during the investigation of such complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint, except admits that Andrea Batts of DOHMH's Bureau of Day Care, spoke in Spanish to plaintiff via telephone concerning the stipulation offered by OCFS, and denies knowledge or information sufficient to form a belief as to plaintiff's actions subsequent to speaking with Ms. Batts.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the actions of OCFS.

43. Denies the allegations set forth in paragraph "43" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the actions of OCFS.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the actions of OCFS.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

46. The complaint fails to state a claim for relief against the City defendant cognizable under federal or state law.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

47. The City Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has the City defendant violated any act of Congress providing for the protection of civil rights.

48. Any actions of the City defendant complained of herein were in all respects lawful, proper and constitutional.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

49. This Court should decline to exercise supplemental jurisdiction over those claims against the City defendant that are purportedly raised pursuant to state law.

**WHEREFORE,** the City defendant requests judgment dismissing the complaint in its entirety and all relief requested therein as against the City defendant, together with such other and further relief as the Court deems just and proper.

Date:   New York, New York
        August 17, 2007

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the
                       City of New York
                    Attorney for the City Defendant

By: _____
     Mary O'Sullivan (MO 8495)
     Assistant Corporation Counsel
     100 Church Street, Room 5-174
     New York, New York 10007
     Phone (212) 788-1003
     Fax (212) 791-9714
     mosulliv@law.nyc.gov

TO:    John C. Grey, Esq.
        South Brooklyn Legal Services
        Attorney for Plaintiff
        By:  Nancy Bedard, Esq.

        Andrew Cuomo, Attorney General of the State of New York
        Attorney for Defendant Carrion
        By: George Alvarez, Assistant Attorney General