```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
ESTERVINA PAULINO                         :
                       Plaintiff,         :
                                          :
     -against-                            :
                                          :   STATE DEFENDANT'S
GLADYS CARRION, as Commissioner of        :   ANSWER
the New York State Office of Children     :
and Family Services, and THOMAS R.        :   07 CV 05773
FRIEDEN, M.D., as Commissioner of the     :
New York City Department of Health and    :   Filed Electronically
Mental Hygiene                            :
                       Defendants,        :
                                          :
-----------------------------------------X
```

      Defendant GLADYS CARRION, as Commissioner of the New York State Office of Children and Family Services ("State defendant"), by her attorney, ANDREW M. CUOMO, Attorney General of the State of New York, answers the Complaint as follows:

      1. With respect to paragraphs 1-3 of the Complaint (plaintiff's "preliminary statement"), no response is necessary because it merely sets forth the purported nature of the Complaint; to the extent a response is deemed necessary, State defendant denies that the allegations have merit.

      2.   Denies the allegations contained in paragraphs 4-6 of the Complaint.

      3.   Admits paragraph 7 of the Complaint.

      4.   With respect to paragraph 8, admits that defendant GLADYS CARRION is the Commissioner of the New York State Office of Children and Family Services, denies the remaining allegations and respectfully refers the Court to the New York State Social Services Law ("SSL") and regulations for a description of the Commissioner's responsibilities.

5. With respect to paragraph 9, admits, upon information and belief, that defendant THOMAS R. FRIEDEN, M.D. is the Commissioner of the New York City Department of Health and Mental Hygiene, and respectfully refers the Court to New York State Social Services Law ("SSL") for a description of the Commissioner's responsibilities.

6. With respect to paragraphs 10-23, respectfully refers the Court to the Constitutional provisions, statutes, regulation and other authorities referenced therein for the contents, meaning and effect thereof, and denies any characterization given thereto by plaintiffs.

7. Admits paragraph 24 of the Complaint.

8. Denies paragraph 25 of the Complaint.

9. With respect to paragraph 26: denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the first sentence; admits the second sentence, but affirmatively states that the child was injured as a result of hot coffee plaintiff had brought to the day care area; admits the third sentence, but affirmatively states that plaintiff failed to call 911 or otherwise seek proper medical attention for the child.

10. With respect to paragraph 27: denies the first and second sentences; denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the third and fourth sentences, but affirmatively states that plaintiff admitted to the foster parent that the child required medical attention, which plaintiff had not sought on the child's behalf.

11. With respect to paragraph 28, denies knowledge or information sufficient to form a belief as to the truth or

accuracy of the allegations.

    12.   Admits the allegations contained in paragraph 29.

    13.   Admits the allegations contained in paragraph 30.

    14.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraphs 31 and 32.

    15.   With respect to paragraph 33, respectfully refer the Court to the letter referenced therein for the contents, meaning and effect thereof, and denies any characterization given thereto by plaintiff.

    16.   With respect to paragraph 34, respectfully refer the Court to the stipulation of settlement referenced therein for the contents, meaning and effect thereof, and denies any characterization given thereto by plaintiff.

    17.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraphs 35 and 36.

    18.   With respect to paragraphs 37, 38 and 39, respectfully refer the Court to the letter(s) referenced therein for the contents, meaning and effect thereof, and denies any characterization given thereto by plaintiff.

    19.   Denies the applicability of paragraph 40 of the complaint.

    20.   Denies paragraphs 41-45 of the Complaint.

## **AS AND FOR A** <br> **<u>FIRST DEFENSE</u>**

    21.   The court lacks subject matter jurisdiction over this action.

**AS AND FOR A
SECOND DEFENSE**

22. The Eleventh Amendment to the United States Constitution bars plaintiff claims that State defendants violated State law and for a retrospective declaration that State defendant had violated federal law when plaintiff signed the stipulation.

**AS AND FOR A FIRST
AFFIRMATIVE DEFENSE**

23. The Complaint fails to state a claim upon which relief may be granted against the State defendant.

**WHEREFORE**, the State defendant respectfully requests that this Court dismiss this action in its entirety, and grant such other and further relief as to the Court seems just and proper.

Dated:   New York, New York
         August 17, 2007

                    ELIOT SPITZER
                    Attorney General of the
                     State of New York
                    Attorney for State defendant

                    By: /s/ George A. Alvarez
                    George A. Alvarez (GA-2335)
                     Assistant Attorneys General
                    120 Broadway
                    New York, New York  10271
                    (212) 416-8663