UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ESTERVINA PAULINO,

                                       07 CV 5773 (LAK) (GWG)

        Plaintiff,

  -against-

                                       SCHEDULING ORDER

GLADYS CARRION, as Commissioner of the
New York State Office of Children and Family
Services, and THOMAS R. FRIEDEN, M.D., as
Commissioner of the New York City Department
of Health and Mental Hygiene,

        Defendants.
------------------------------------------------------------x

    1. An initial case management conference was held before the undersigned on

November 16, 2007. Appearances for parties:

Attorneys for Plaintiff ESTERVINA PAULINO:

| John C. Gray (JG 9872) | Raun Rasmussen (RR 6036) |
|---|---|
| South Brooklyn Legal Services | Legal Services for New York City |
| 105 Court Street | 350 Broadway, 6th Floor |
| Brooklyn, NY 11201 | New York, NY 10013 |
| (718) 237-5500 | (212) 431-7200 |

Attorneys for Defendant GLADYS CARRION:
ANDREW M. CUMO
Attorney General of the State of New York
By: George Alvarez, (GA 2335) Assistant Attorney General
120 Broadway
New York, NY 10271
(212) 416-8663

Attorneys for Defendant THOMAS R. FRIEDEN, M.D.
Mary O'Sullivan, (MO 8495) of Counsel
Corporation Counsel of the City of New York
100 Church Street
New York, NY 10007
(212) 788-1003

2. Plaintiff Estervina Paulino seeks declaratory and injunctive relief under 42 U.S.C. § 1983 based on her claim that defendants refused to afford her a due process hearing to contest charges arising from her operation of a home-based family day care program. Plaintiff claims that defendants unlawfully induced her to sign a stipulation admitting the charges, without apprising plaintiff of her right to a hearing, and without providing for review or allocution of the stipulation by an impartial hearing officer. Plaintiff also claims defendants violated the Due Process Clause by failing to translate the stipulation into Spanish, although defendants were aware that plaintiff speaks, reads and writes only Spanish, and could not understand the waiver of her constitutional rights that was contained in the document. Plaintiff also brings a pendent state law claim under New York Civil Practice Law and Rules Article 78.

State defendant denies plaintiffs allegations and asserts that the Complaint fails to state a claim upon which relief may be granted against the State defendant. Further, State defendant contends that the court lacks subject matter jurisdiction over this action. In particular, State defendant contends that the Eleventh Amendment to the United States Constitution bars plaintiff's claims that State defendant had violated federal law when plaintiff signed the stipulation.

3. Proposed Schedule

a. The deadline by which the parties may move to amend the pleadings or join any other parties is _____ 2007. (The State Defendant contends that the right to amend has expired, does not consent to this date and indeed opposes any motion to amend.)

b. The date for document requests and initial interrogatories is ~~_____, 2007~~ 11/30, 2008. ~~The date for responses thereto is~~ 2/14 2008.

   c. The non-expert witnesses who are expected at this time to be deposed:

      Andrea Batts, Manhattan Borough Manager Bureau of Day Care, DOHMH
      An employee with information pertaining to the Language Access policy, OCFS
      An employee with information pertaining to the Language Access policy, DOHMH
      An employee with information pertaining to the Administrative Hearing process for Bureau of Day Care Enforcement, OCFS
      An employee with information on the Hearing and Settlement procedure, OCFS
      Estervina Paulino, Plaintiff

(State defendant contemplates objecting to the deposition of OCFS employees.)

   d. The date by which ~~non-expert witnesses depositions~~ all discovery will be completed is ~~March~~ 4/1/14, 2008. /suf/

   e. At this time no expert witnesses are expected.

   f. The date by which depositions of experts shall be completed: not applicable.

   g. The date by which pretrial motions, if any, will be filed; or, if no such motions are contemplated, the date by which plaintiff will supply pretrial order materials to defendants is 5/15, 2008. The date by which the parties will submit a joint pretrial order in accordance with the procedure of the judge before whom the trial will be conducted is 6/15, 2008.[1]

   4. No limitations, protective orders, or confidentiality orders exist at this time.

   5. At this time all parties have been able to reach an agreement on all discovery issues. (State defendant has reached no agreement regarding discovery not expressed in this letter.)

   6. Anticipated fields of expert testimony: not applicable.

   7. Anticipated length of the trial: 1 day(s). No jury has been requested.

   8. (a) The parties would like to engage in settlement discussions at the completion of discovery. (State defendant has offered a settlement of this action which was rejected by

---

[1] The parties shall follow the rules of the assigned District Judge with respect to any pre-motion conference, filing or other requirements for dispositive motions.

plaintiff's counsel;) (b) The parties welcome the aid of the Magistrate Judge. The parties do not request the supervision of a private mediator, or a mediator from the SDNY Mediation Program.

9. All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any contention that a party has not responded properly to a discovery request must be brought to the Court's attention immediately and in accordance with the Court's Individual Practices. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application. The application also must state the position of all other parties on the proposed extension and must show good cause therefore not foreseeable as of the date of this Order. 'Good cause' as used in this paragraph does not include circumstances within the control of counsel or the party. Any application not in compliance with this paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions.

Dated: New York, New York
       November 16, 2007

SOUTH BROOKLYN LEGAL SERVICES
Attorney for Plaintiff Paulino Estervina
By:

_____
Nancy Bedard, (NB 1980) of Counsel
Edward Josephson, (EJ 7815) of Counsel
105 Court Street
Brooklyn, New York 11201
(718) 237-5568

ANDREW M. CUOMO,
Attorney General of the State of New York
Attorney for Defendant CARRION, as Commissioner of the New York State Office of

4

Children and Family Services,
By:

_____

George Alvarez, (GA 2335)
Assistant Attorney General
120 Broadway
New York, New York 10271
(212) 416-8663


MICHAEL CARDOZO
CORPORATION COUNSEL OF THE CITY
OF NEW YORK
Attorney for Defendant THOMAS R. FRIEDEN, M.D., as Commissioner of the New York City Department of Health and Mental Hygiene.
By:

_____

Mary O'Sullivan, (MO 8495)
Assistant Corporation Counsel
100 Church Street
New York, NY 10007
(212) 788-1003

SO ORDERED:

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

11/16/2007

5