

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MARY O'SULLIVAN
Phone: (212) 788-1003
Fax: (212) 791-9714
mosulliv@law.nyc.gov

December 13, 2007

<u>VIA FACSIMILE</u> (212) 805-4268
Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York

Re:   <u>Paulino v. Carrion and Friedman</u>, 07-CV-5773 (LAK)(GWG)

Your Honor:

      This office represents defendant Thomas R. Friedan, M.D., the Commissioner of the New York City Department of Health and Mental Hygiene ("DOHMH," the "City Defendant"), in the above-referenced matter. I write to respectfully request the Court's permission to file a motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), to be combined with a motion for a stay of discovery. By endorsement dated December 10, 2007, the Court granted the request of co-defendant Gladys Carrion, Commissioner of the New York State Office of Children and Family Services ("OCFS," the "State Defendant") for permission to file a motion for judgment on the pleadings and a stay of discovery, waiving the Court's pre-hearing conference requirement, and directing that the combined motion be promptly filed.

      Plaintiff, a registered family day care provider,[1] brings this action primarily under 42 U.S.C. §1983, alleging violation of her rights to due process. Plaintiff's claims are based on the alleged inadequacy of the State Defendant's letter of February 20, 2007 and the accompanying proposed stipulation of settlement, by which the State offered to settle charges brought against Plaintiff by the State. Such charges stemmed from the incident of October 5, 2006, at which time Plaintiff accidentally spilled coffee upon a three-year old child under Plaintiff's care, which resulted in first and second degree burns to the child's face, abdomen and chest. The State Defendant did not suspend or revoke Plaintiff's Certificate of Registration, but by way of the subject letter and proposed stipulation, the State offered Plaintiff the opportunity to avoid an administrative hearing

---

[1] "Family day care homes" are regulated by the State Defendant, and such term refers to private residences in which child care is provided on a regular basis for 3-6 children, in exchange for compensation. See NY Social Services Law §390; 18 NYCRR Part 417. Pursuant to a contract with the State, the City Defendant issues Certificates of Registration to applicants who demonstrate compliance with the State-mandated requirements, but the City has no authority to revoke or suspend a family day care provider's Certificate of Registration; such power lies solely with the State.

*Granted if done promptly.*

SO ORDERED: DATE: 12/13/2007

GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE

and to settle the charges in exchange for, *inter alia*, payment of a fine of $400 and completion of various safety-related courses.

Plaintiff alleges that the State's failure to provide the subject letter and stipulation in Plaintiff's native language violated her rights to due process and Title VI of the Civil Rights Act. Plaintiff also asserts that the State's correspondence was inadequate because it did not specifically include a "hearing notice." Complaint, ¶33. In addition, Plaintiff asserts that when she sought translation assistance from the City Defendant over the telephone with regard to the subject letter and stipulation, she was advised by a City employee in Spanish "to sign the stipulation provided by OCFS and pay the fine of $400." Complaint, ¶35.

As the basis for its motion on the pleadings, the City Defendant will assert that Plaintiff's sole claim against the City Defendant – that Plaintiff was "improperly induced ... to waive her right to a hearing ... without oversight by an impartial hearing officer, and without offering or providing translation," Complaint, ¶42 – fails to state a cognizable claim against the City under the Due Process clause or Title VI of the Civil Rights Act. Besides the fact that the subject letter and stipulation were not drafted by the City, but by the State, there is no caselaw to support as a matter of law that due process requires DOHMH to provide translation services to individuals it regulates pursuant to statutes and regulations enacted by the State. See Perez v. Heckler, 717 F.2d 36, 43 (2d Cir. 1983), cert. denied 466 U.S. 929 (1984)("A rule placing the burden of diligence and further inquiry on the part of a non-English-speaking individual served ... with a notice in English does not violate any principle of due process."); see also Vialez v. NYC Housing Auth., 783 F.Supp. 109 (S.D.N.Y. 1991); Peralta v. Barnhart, 204 F.Supp.2d 534 (E.D.N.Y. 2002). Plaintiff's claim also fails, as a matter of law, to support a claim under Title VI of the Civil Rights Act, as the Complaint does not allege discriminatory intent. Perez, 717 F.2d. at 42 (Holding that failure to provide documents to the plaintiff in Spanish does not on its face make any improper classification with respect to Hispanics as an ethnic group.). To the extent Plaintiff purports to allege a contract claim based on improper inducement premised upon the sole factual allegation against the City – that during a telephone conversation initiated by Plaintiff, a City employee advised Plaintiff to sign the stipulation with the State, Complaint, ¶35, which the City denies – even if such allegation were true, it fails to support a cognizable claim. Under New York law, a person may be held liable for inducing another to enter into a contract by misrepresenting a material fact or making a promise that s/he has no intention of keeping. Cumberland Oil Corp. v. Thropp, 791 F.2d 1037, 1043-44 (2d Cir.), cert. denied 479 U.S. 950 (1986). Since the Complaint does not allege that the City misrepresented a material fact or made any type of promise, Plaintiff fails to state a contract claim.

Thank you for your consideration.

Respectfully submitted,

Mary O'Sullivan (MO-8495)
Assistant Corporation Counsel

cc:   VIA FACSIMILE
      Nancy Bedard, Fax: (718) 855-0733, Attorney for Plaintiff
      George Alvarez, Fax: (212) 416-6077, Attorney for Co-defendant Carrion

- 2 -