# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————x

ESTERVINA PAULINO,

               Plaintiff,

      -against-

GLADYS CARRION, as Commissioner of the
New York State Office of Children and Family
Services, and THOMAS R. FRIEDEN, M.D., as
Commissioner of the New York City Department
of Health and Mental Hygiene,

              Defendants.

————————————————————————x

CV-

COMPLAINT

## PRELIMINARY STATEMENT

1.    Plaintiff Estervina Paulino seeks declaratory and injunctive relief under 42 U.S.C.

§ 1983 based on defendants' refusal to afford her a due process hearing to contest charges arising

from her operation of a home-based family day care program.  Defendants unlawfully induced

plaintiff to sign a stipulation admitting the charges, without apprising plaintiff of her right to a

hearing, and without providing for review or allocution of the stipulation by an impartial hearing

officer.  Defendants also violated the Due Process Clause by failing to translate the stipulation

into Spanish, although defendants were aware that plaintiff speaks, reads and writes only

Spanish, and could not understand the waiver of her constitutional rights that was contained in

the document.

2.    Plaintiff also brings a pendent state law claim under New York Civil Practice Law

1

and Rules Article 78.

3.    Plaintiff seeks:

a) a declaration that defendants' actions violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the Due Process Clause of Article I, § 6 of the New York State Constitution;

b) a declaration that defendants violated the New York State Social Services Law ("S.S.L.") and regulations;

c) an order vacating the stipulation of settlement and directing OCFS to hold a hearing on the allegations in the Statement of Charges; and

d) an injunction directing defendants to develop procedures for settlement of administrative charges that include oversight by an impartial hearing officer and the provision of translation and interpretation services.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over the plaintiff's federal claims pursuant to 28 U.S.C. § 1331 as an action raising a federal question; and pursuant to 28 U.S.C. § 1343(3) as an action to redress a deprivation under color of state law of rights secured by the Constitution of the United States. This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(a).

5.    Plaintiffs seek declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure and injunctive relief pursuant to 28 U.S.C. § 2202 and Rule 65 of the Federal Rules of Civil Procedure.

6.    Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2)

as the judicial district in which the events occurred that gave rise to plaintiff's causes of action.

**PARTIES**

7.     Plaintiff ESTERVINA PAULINO is a registered family day care provider who resides at 545 W. 164th Street, New York, New York, and provides child care in her apartment.

8.     Defendant GLADYS CARRION is Commissioner of the New York State Office of Children and Family Services ("OCFS"), and is responsible for the enforcement of the New York Social Services Law and other laws and regulations governing the provision of child care in New York State.  Her principal place of business is located at 52 Washington Street, Rensselaer, New York.

9.     Defendant THOMAS R. FRIEDEN, M.D. is the Commissioner of the New York City Department of Health and Mental Hygiene ("DOHMH"), and monitors the provision of home-based child care within the City of New York pursuant to a contract with OCFS.  His principal place of business is located at 125 Worth Street, New York, New York.

**STATUTORY AND REGULATORY FRAMEWORK**

**Federal Constitution, Statutes and Regulations**

10.     The Due Process Clause of the Fourteenth Amendment to the United States Constitution protects individuals from being deprived of life, liberty, or property without notice and an opportunity to be heard appropriate to the nature of the deprivation.

11.     Title VI of the Civil Rights Act of 1964 prohibits discrimination based on national origin by programs that receive federal funding.  42 U.S.C. § 2000d.  Under Title VI, national origin discrimination includes the disparate treatment of non-English speaking individuals.  *See* 45 C.F.R. § 80.3.

3

12.     Executive Order 13166, "Improving Access to Services for Persons with Limited English Proficiency," issued in 2000, clarified the requirements of all recipients of federal funds to provide meaningful access to their programs and services for Limited English Proficient ("LEP") individuals. Executive Order 13166 directed all federal agencies to issue their own policy guidance directing recipients of their federal funds to comply with Title VI obligations to provide meaningful access to LEP individuals.

13.     In 2003, as instructed by the Executive Order, the Department of Health and Human Services ("HHS") issued its own guidance, "Guidance to Federal Financial Recipients Regarding Title VI Prohibition Against National Origin Discrimination Affecting Limited English Proficient Persons." 68 FR 47311. This HHS guidance clarified and affirmed the obligations under Title VI of all recipients of federal financial assistance from HHS. Furthermore, OCFS issued its own informational letter and survey, which acknowledged OCFS' responsibility to comply with the requirements of Title VI. Survey No. 06-OCFS-INF-05.

## New York State Family Day Care Regulations

14.     New York State Social Services Law ("S.S.L.") § 390(1)(e) defines a "family day care home" as "a program caring for children for more than three hours per day per child in which child day care is provided in a family home for three to six children."

15.     The New York State Office of Children and Family Services ("OCFS") is the agency responsible for regulating all day care in New York State. *See* S.S.L. § 390(2)(d)(i). The Social Services Law requires OCFS to promulgate regulations and establish procedures for licensure and registration of family day care providers. *Id.*

16.     OCFS is authorized to undertake enforcement actions against child day care

4

providers, which include the holding of hearings to determine if a provider has failed to comply with applicable laws and regulations. S.S.L. § 390(11)(a)(iii); 18 N.Y.C.R.R. § 413.3(a)(3). Remedies may include the imposition of fines. 18 N.Y.C.R.R. § 413.3(f). A fine "will not be imposed until a hearing has been conducted and a decision has been issued. It is the Office's responsibility to request and schedule such hearings." 18 N.Y.C.R.R. § 413.3(f)(2).

17.    The S.S.L. requires that OCFS provide a written notice of hearing when it seeks to impose civil penalties. A notice of hearing must be delivered in person or by certified mail at least 30 days prior to the date of the hearing. S.S.L. § 390(11)(a)(iii); 18 N.Y.C.R.R. § 413.5(b)(2). The notice of hearing must inform the applicant or provider of her opportunity to present evidence and arguments on issues of fact and law at the hearing, her right to be represented by an attorney or other representative of her choice, her right to cross-examine witnesses and to examine any document or item offered into evidence, that all witnesses will be sworn, and that the hearing will be recorded verbatim. 18 N.Y.C.R.R. § 413.5(c).

18.    A notice of hearing must also specify the date, time and place of the hearing, and the manner in which the hearing will be conducted, and must include a statement of charges. The statement of charges must specify the existence of a violation or violations and the statute(s) or regulation(s) with which the provider allegedly failed to comply; the maximum daily fine which may be imposed and the date upon which initial notice of potential liability for payment of such a fine was given; the corrective action which must be taken to rectify the violation; and if applicable, a statement that the Office will seek imposition of a fine regardless of rectification. S.S.L. § 390(11)(a)(iii); 18 N.Y.C.R.R. § 413.5(b)(2).

19.    A hearing seeking the imposition of fines against a family day care provider must

5

be conducted by a hearing officer who is an attorney employed by OCFS and who has not been involved in any way with the matter.  The hearing officer is given the power to "preserve requirements of due process and effectuate the purpose and provisions of applicable law and regulations" and otherwise regulate the hearing. 18 N.Y.C.R.R. § 413.5(g).

20.     A family day care provider is also entitled to be represented by an attorney or other representative of her choice, to have witnesses give testimony, and to present relevant and material evidence on her behalf.  18 N.Y.C.R.R. § 413.5 (h)(4).  The regulations further state that the provider is entitled to a written decision based on the record.  18 N.Y.C.R.R. § 413.5 (m).

21.     New York State Social Services regulation 18 N.Y.C.R.R. § 303.1(b) prohibits national origin discrimination by social service districts and officials.

### New York State Central Register ("SCR") Regulations

22.     Pursuant to S.S.L. § 422, defendant OCFS maintains a Statewide Central Register ("SCR") of reports of suspected child abuse and maltreatment.  These reports are referred by the SCR to the local child protective service for investigation. S.S.L. § 422.2(b).  In New York City, the local child protective service is the Administration for Children's Services ("ACS").

23.     When an SCR report is "indicated" for abuse or maltreatment, the subject of the report may request that the report be amended pursuant to an administrative review.  If it is determined at the review that there is some credible evidence for the finding, then the indicated report will be retained and the subject has a right to a fair hearing before defendant OCFS.  The issues to be determined at the hearing are whether the report should be amended and if not, whether the content of the report is relevant and reasonably related to the subject's employment in a field involving regular and substantial contact with children.  S.S.L. § 422.8.  If, after the

hearing, the report is not found to be relevant and reasonably related to employment in a child care-related field, then the report may not be disclosed to employers or licensing agencies. *Id.*

## STATEMENT OF FACTS

24.    Estervina Paulino is a registered family child care provider.

25.    Ms. Paulino speaks, reads, and writes only Spanish, and is therefore a person with Limited English Proficiency ("LEP"). OCFS and DOHMH are aware that Plaintiff is an LEP individual. Since her initial application to become a registered child care provider, Ms. Paulino's oral communications with DOHMH have been in Spanish either through an interpreter or with Spanish speaking staff.

26.    On October 5, 2006, Ms. Paulino was providing child care to four children in her apartment. At about 5:00 p.m., an accident occurred resulting in coffee being spilled on a child. Ms. Paulino immediately treated the affected area with cool water for an extended period and applied an ointment to the child.

27.    Plaintiff contacted the child's foster parent immediately by telephone and made her aware of the accident. The foster parent advised Ms. Paulino that she was on her way to plaintiff's apartment. The foster parent usually arrived at 6:00 p.m. to pick up her child. However, on October 5, 2006, the foster parent arrived at 6:45 p.m., and upon information and belief, took the child to the hospital by car. Thereafter the foster parent advised Ms. Paulino that the child was in good health.

28.    On October 6, 2006, Ms. Paulino was visited by a caseworker from ACS. The ACS investigator utilized a Spanish-English telephone interpreter service to interview her.

29.    Ms. Paulino was later notified by the New York State Central Register ("SCR")

7

by letter that she was the subject of a "indicated" report of suspected child abuse or maltreatment.

30.    According to the SCR record Ms. Paulino received, the allegation of burns/scalding was found "unsubstantiated". An allegation of inadequate guardianship and lack of medical treatment was found substantiated. Ms. Paulino has a fair hearing scheduled on July 10, 2007 to determine if the report is supported by the available evidence.

31.    On October 6, 2006, Ms. Paulino was also visited by a DOHMH inspector, who spoke to the plaintiff in Spanish only throughout the investigation.

32.    On October 10, 2006, DOHMH sent a letter to Ms. Paulino in English reporting violations based on the October 6, 2006 inspection.  The report, written in English, specifically instructed her to submit a narrative of what occurred, stating she could do so in Spanish.  Ms. Paulino submitted the narrative in Spanish, with an English translation completed by her niece.

33.    On February 20, 2007, Kelly M. Philips, Senior Attorney with OCFS' Child Care Enforcement Bureau sent Ms. Paulino a letter that included a Statement of Charges and a Stipulation of Settlement.  The letter informed Ms. Paulino that the Office was seeking $500 in fines, but if she agreed to the settlement and signed the stipulation she could pay $400.  In violation of OCFS' own regulations, this letter did not give Ms. Paulino any notice of her right to a hearing.   All the documents sent were in English only.  OCFS never sent Ms. Paulino a hearing notice in connection with the Statement of Charges.

34.    The stipulation of settlement provided that OCFS was seeking to impose civil penalties pursuant to the Statement of Charges, and that to avoid an administrative hearing, Ms. Paulino acknowledged the existence of the violations cited in the Statement of Charges, and agreed to pay a fine of $400.

35.    As Ms. Paulino was unable to read or understand the documents she received, she sought assistance from DOHMH to respond to these documents by calling them on the telephone. She was advised in Spanish, by Andrea Batts, Manhattan Borough Manager of DOHMH's Bureau of Day Care, to sign the stipulation provided by OCFS and pay the fine of $400. DOHMH did not translate the document into Spanish orally or in writing. Nor did DOHMH inform plaintiff that by signing the stipulation, she was waiving her right to a hearing. Ms. Paulino signed the stipulation and submitted it with a check for $400.

36.    On March 7, 2007, Ms. Paulino retained South Brooklyn Legal Services ("SBLS"). Ms. Paulino advised SBLS through an interpreter that she had signed a stipulation with OCFS. When questioned as to the nature of the document, Ms. Paulino was unaware of its purpose and its legal implications or that she had a right to a hearing. She was unaware that by signing the stipulation, she had waived her right to a hearing on the issues, and had acknowledged the existence of the violations cited in the statement of charges.

37.    On March 9, 2007, South Brooklyn Legal Services wrote to the OCFS Senior Attorney who had sent the stipulation to the plaintiff, requesting that the stipulation be rescinded and the matter scheduled for a hearing, as Ms. Paulino does not speak English, did not understand what she had signed, and she was unrepresented by counsel.

38.    Defendant OCFS wrote a response to South Brooklyn Legal Services dated March 21, 2007, denying the request to rescind the stipulation.

39.    On May 10, 2007 SBLS sent a letter to defendant OCFS' Supervising Administrative Law Judge requesting that the *pro se* stipulation of settlement be vacated and asking that the case be scheduled for a hearing. As of this date, OCFS has not responded to this

9

request.

40.     Defendant OCFS, as a recipient of federal funds from both the U.S. Department of Health and Human Services and the Department of Justice, is covered by Title VI of the Civil Rights Act of 1964 and both the Department of Justice and Department of Health and Human Services policy guidances.

## CLAIMS FOR RELIEF

### FIRST CLAIM

41.     Defendant OCFS failed to notify plaintiff of her right to a hearing to contest the charges and civil penalties sought against her, and failed to afford plaintiff a hearing after she obtained counsel and requested one.  In doing so, defendant OCFS, under color of state law, deprived plaintiff of the rights and privileges guaranteed her by the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article I, § 6 of the New York State Constitution, and violated the New York Social Services Law and regulations.

### SECOND CLAIM

42.     Defendants improperly induced plaintiff, who was unrepresented by counsel, to waive her right to a hearing by offering her a stipulation of settlement assessing civil penalties without notifying her of her Constitutional and statutory right to a hearing, without oversight by an impartial hearing officer, and without offering or providing translation of the stipulation of settlement and statement of charges despite being aware that plaintiff is an LEP individual.

43.     In doing so, defendants violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Due Process Clause of Article I, § 6 of the

New York State Constitution, and Title VI of the Civil Rights Act of 1964.

## THIRD CLAIM

44.     Defendant OCFS failed to give plaintiff notice of her right to a hearing, and bypassed mandated hearing procedures by resorting to unsupervised negotiations by an OCFS attorney leading to a stipulation of settlement waiving *pro se* plaintiff's hearing rights.  In addition, defendant OCFS subsequently refused to vacate the stipulation of settlement obtained from plaintiff or afford plaintiff a hearing on the charges filed against her.

45.     Defendant's actions were arbitrary and capricious, constituted an abuse of discretion, and violated S.S.L. § 390(11)(a)(iii), 18 N.Y.C.R.R. § 413.3(f)(2), 18 N.Y.C.R.R. § 413.5(b)(1),(2), 18 N.Y.C.R.R. § 413.5(g), and 18 N.Y.C.R.R. § 303.1(b).

## RELIEF REQUESTED

WHEREFORE, plaintiff respectfully requests that this Court enter judgment:

a)     Assuming jurisdiction of this action;

b)     Declaring that defendants' actions violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the Due Process Clause of Article I, § 6 of the New York State Constitution;

c)     Declaring that defendants violated the New York State Social Services Law and regulations;

d)     Vacating the stipulation of settlement and directing OCFS to hold a hearing on the allegations in the Statement of Charges;

e)     Enjoining defendants to develop procedures for settlement of administrative charges that include oversight by an impartial hearing officer and the provision of translation and

interpretation services;

    f)     Awarding plaintiff costs and disbursements; and

    g)     Granting such other and further relief as this Court deems just and proper.

Dated June 18, 2007

                            _____

                            JOHN C. GRAY, ESQ. (9872 JG)
                            SOUTH BROOKLYN LEGAL SERVICES
                            Nancy Bedard (1980 NB)
                            Sarah Dranoff (0870 SD)
                            Edward Josephson (7815 EJJ)
                            Attorneys for Plaintiff
                            105 Court Street
                            Brooklyn, N.Y. 11201
                            (718) 237-5500

                            LEGAL SERVICES FOR NEW YORK CITY
                            Raun Rasmussen (6036 RR)
                            Dimple Abichandani
                            Amy Taylor, Law Graduate
                            Attorneys for Plaintiff
                            350 Broadway, 6th Floor
                            New York, N.Y. 10013
                            (212) 431-7200

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ESTERVINA PAULINO,

Plaintiff,

**ANSWER TO**
**COMPLAINT**

- against -

07 CV 5773
(LAK) (GWG)

GLADYS CARRION, as Commissioner of the New
York State Office of Children and Family Services,
and THOMAS R. FRIEDEN, M.D., as
Commissioner of the New York City Department of
Health and Mental Hygiene,

(ECF)

Defendants.

------------------------------------------------------------------------X

Defendant THOMAS R. FRIEDEN, M.D., as Commissioner of the New York

City Department of Health and Mental Hygiene, (hereinafter "DOHMH," the "City defendant")

by his attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for his

answer to the complaint, respectfully alleges as follows:

1.    Denies the allegations set forth in paragraph "1" of the complaint, except

admits that plaintiff purports to proceed as described therein.

2.    Denies the allegations set forth in paragraph "2" of the complaint, except

admits that plaintiff purports to proceed as described therein.

3.    Denies the allegations set forth in paragraph "3" of the complaint, except

admits that plaintiff purports to proceed as described therein.

4.    Denies the allegations set forth in the first sentence of paragraph "4" of the

complaint, except admits that the Court has jurisdiction over plaintiff's federal claims and that

the Court has discretion to exercise jurisdiction over plaintiff's state law claims. Denies the

allegations set forth in the second sentence of paragraph "4" of the complaint, except admits that

this Court's exercise of supplemental jurisdiction over state claims is governed by the provisions of 28 U.S.C. §1367.

   5.  Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to proceed as described therein and that this Court has authority to grant declaratory and injunctive relief.

   6.  Denies the allegations set forth in paragraph "6" of the complaint, except admits that venue is proper.

   7.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint, except admits that the records of DOHMH reflect that plaintiff is registered as a provider of family day care and that such program is located at 545 West 164th Street, Apartment 4A, New York, New York, 10032.

   8.  Denies the allegations set forth in paragraph "8" of the complaint, except admits that respondent Gladys Carrion is the Commissioner of the New York State Office of Children and Family Services ("OCFS," the "State defendant"); that the primary office of OCFS is located at 52 Washington Street, Rensselaer, New York; that OCFS regulates, *inter alia,* family day care providers, and respectfully refers the Court to NY Social Services Law ("Soc. Serv. Law") §390 for the provisions governing regulation of child care providers in the State of New York.

   9.  Denies the allegations set forth in paragraph "9" of the complaint, except admits that respondent Thomas R. Frieden, M.D., is the Commissioner of DOHMH, and that pursuant to a contract with OCFS, DOHMH provides licensing and registration services for, *inter alia,* family day care, as regulated under Soc. Serv. Law §390 and the regulations of the New York State Department of Social Services.

10.     Denies so much of the allegations set forth in paragraph "10" of the complaint as alleges or purports to allege that the City defendant acted improperly or contrary to law.

11.     Denies so much of the allegations set forth in paragraph "11" of the complaint as alleges or purports to allege that the City defendant acted improperly or contrary to law.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, and further denies so much of the allegations as alleges or purports to allege that the City defendant acted improperly or contrary to law.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, and further denies so much of the allegations as alleges or purports to allege that the City defendant acted improperly or contrary to law.

14.     Denies so much of the allegations set forth in paragraph "14" as is inconsistent with the statute cited therein.

15.     Denies so much of the allegations set forth in paragraph "15" as is inconsistent with the statute cited therein.

16.     Denies so much of the allegations set forth in paragraph "16" as is inconsistent with the statute and regulations cited therein.

17.     Denies so much of the allegations set forth in paragraph "17" as is inconsistent with the statute and regulations cited therein.

18.     Denies so much of the allegations set forth in paragraph "18" as is inconsistent with the statute and regulation cited therein.

19.     Denies so much of the allegations set forth in paragraph "19" as is inconsistent with the regulation cited therein.

20.     Denies so much of the allegations set forth in paragraph "20" as is inconsistent with the regulations cited therein.

21.     Denies so much of the allegations set forth in paragraph "21" of the complaint as alleges or purports to allege that the City defendant acted improperly or contrary to law.

22.     Denies so much of the allegations set forth in paragraph "22" as is inconsistent with the statute cited therein, except admits that the New York City Administration for Children's Services ("ACS") is the child protective services agency for the City of New York.

23.     Denies so much of the allegations set forth in paragraph "23" as is inconsistent with the statute cited therein.

24.     Denies the allegations set forth in paragraph "24" of the complaint, except admits that the records of DOHMH reflect that plaintiff is registered as a provider of family day care.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint, except admits that plaintiff has communicated orally with staff members of DOHMH in Spanish.

26.     Denies the allegations set forth in paragraph "26" of the complaint, except admits that plaintiff has been charged by OCFS with failing to comply with various requirements

regarding supervision of day care children, based on the incident of October 5, 2006, at which time it is alleged that plaintiff was drinking hot coffee in the children's play area, that such coffee spilled upon the face and abdomen of a child under plaintiff's care, causing first and second degree burns to the child, that plaintiff failed to take the child to the hospital or call 911 for transportation and that plaintiff did not contact OCFS to advise of this incident; and denies knowledge or information sufficient to form a belief as to any treatment rendered by plaintiff to the child subsequent to the injurious event.

27.    Denies the allegations set forth in paragraph "27" of the complaint, except admits that plaintiff has been charged by OCFS with failing to comply with various requirements regarding supervision of day care children, based on the incident of October 5, 2006, at which time it is alleged that plaintiff was drinking hot coffee in the children's play area, that such coffee spilled upon the face and abdomen of a child under plaintiff's care, causing first and second degree burns to the child, that plaintiff failed to take the child to the hospital or call 911 for transportation and that plaintiff did not contact OCFS to advise of this incident; and denies knowledge or information sufficient to form a belief as to the content of any conversations between plaintiff and the child's foster parent.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint, except admits that the incident of October 5, 2006 was investigated by ACS.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint, except admits that the incident of October 5, 2006 was investigated by ACS.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint, except admits that the incident of October 5, 2006 was investigated by ACS.

31.     Denies the allegations set forth in paragraph "31" of the complaint, except admits a DOHMH inspector visited plaintiff's residence on October 10, 2006 to investigate the . incident of October 5, 2006 and that plaintiff spoke to the inspector in Spanish.

32.     Denies the allegations set forth in paragraph "32" of the complaint, except admits that by letter dated October 10, 2006, DOHMH notified plaintiff, in English, that on October 6, 2006 a complaint was filed against plaintiff's family day care program, and provided plaintiff with details of uncorrected violations observed during the investigation of such complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35.     Denies the allegations set forth in paragraph "35" of the complaint, except admits that Andrea Batts of DOHMH's Bureau of Day Care, spoke in Spanish to plaintiff via telephone concerning the stipulation offered by OCFS, and denies knowledge or information sufficient to form a belief as to plaintiff's actions subsequent to speaking with Ms. Batts.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42.     Denies the allegations set forth in paragraph "42" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the actions of OCFS.

43.     Denies the allegations set forth in paragraph "43" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the actions of OCFS.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45.     Denies the allegations set forth in paragraph "45" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the actions of OCFS.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

46.     The complaint fails to state a claim for relief against the City defendant cognizable under federal or state law.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

47.    The City Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has the City defendant violated any act of Congress providing for the protection of civil rights.

48.    Any actions of the City defendant complained of herein were in all respects lawful, proper and constitutional.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

49.    This Court should decline to exercise supplemental jurisdiction over those claims against the City defendant that are purportedly raised pursuant to state law.

**WHEREFORE,** the City defendant requests judgment dismissing the complaint in its entirety and all relief requested therein as against the City defendant, together with such other and further relief as the Court deems just and proper.

Date:   New York, New York
         August 17, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for the City Defendant


By:   _____
        Mary O'Sullivan (MO 8495)
        Assistant Corporation Counsel
        100 Church Street, Room 5-174
        New York, New York 10007
        Phone (212) 788-1003
        Fax (212) 791-9714
        mosulliv@law.nyc.gov

TO:    John C. Grey, Esq.
       South Brooklyn Legal Services
       Attorney for Plaintiff
       By:  Nancy Bedard, Esq.

       Andrew Cuomo,  Attorney General of the State of New York
       Attorney for Defendant Carrion
       By: George Alvarez, Assistant Attorney General

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
ESTERVINA PAULINO
                          Plaintiff,    :

     -against-                          :

GLADYS CARRION, as Commissioner of      : **STATE DEFENDANT'S**
the New York State Office of Children     **ANSWER**
and Family Services, and THOMAS R.      : **07 CV 05773**
FRIEDEN, M.D., as Commissioner of the
New York City Department of Health and  : Filed Electronically
Mental Hygiene
                          Defendants,   :

----------------------------------------X

          Defendant GLADYS CARRION, as Commissioner of the New

York State Office of Children and Family Services ("State

defendant"), by her attorney, ANDREW M. CUOMO, Attorney General

of the State of New York, answers the Complaint as follows:

          1. With respect to paragraphs 1-3 of the Complaint

(plaintiff's "preliminary statement"), no response is necessary

because it merely sets forth the purported nature of the

Complaint; to the extent a response is deemed necessary, State

defendant denies that the allegations have merit.

          2.   Denies the allegations contained in paragraphs 4-6

of the Complaint.

          3.   Admits paragraph 7 of the Complaint.

          4.   With respect to paragraph 8, admits that defendant

GLADYS CARRION is the Commissioner of the New York State Office

of Children and Family Services, denies the remaining allegations

and respectfully refers the Court to the New York State Social

Services Law ("SSL") and regulations for a description of the

Commissioner's responsibilities.

5.    With respect to paragraph 9, admits, upon information and belief, that defendant THOMAS R. FRIEDEN, M.D. is the Commissioner of the New York City Department of Health and Mental Hygiene, and respectfully refers the Court to New York State Social Services Law ("SSL") for a description of the Commissioner's responsibilities.

6.    With respect to paragraphs 10-23, respectfully refers the Court to the Constitutional provisions, statutes, regulation and other authorities referenced therein for the contents, meaning and effect thereof, and denies any characterization given thereto by plaintiffs.

7.    Admits paragraph 24 of the Complaint.

8.    Denies paragraph 25 of the Complaint.

9.    With respect to paragraph 26:  denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the first sentence; admits the second sentence, but affirmatively states that the child was injured as a result of hot coffee plaintiff had brought to the day care area; admits the third sentence, but affirmatively states that plaintiff failed to call 911 or otherwise seek proper medical attention for the child.

10.    With respect to paragraph 27:  denies the first and second sentences; denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the third and fourth sentences, but affirmatively states that plaintiff admitted to the foster parent that the child required medical attention, which plaintiff had not sought on the child's behalf.

11.    With respect to paragraph 28, denies knowledge or information sufficient to form a belief as to the truth or

2

accuracy of the allegations.

      12.  Admits the allegations contained in paragraph 29.

      13.  Admits the allegations contained in paragraph 30.

      14.  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraphs 31 and 32.

      15.  With respect to paragraph 33, respectfully refer the Court to the letter referenced therein for the contents, meaning and effect thereof, and denies any characterization given thereto by plaintiff.

      16.  With respect to paragraph 34, respectfully refer the Court to the stipulation of settlement referenced therein for the contents, meaning and effect thereof, and denies any characterization given thereto by plaintiff.

      17.  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraphs 35 and 36.

      18.  With respect to paragraphs 37, 38 and 39, respectfully refer the Court to the letter(s) referenced therein for the contents, meaning and effect thereof, and denies any characterization given thereto by plaintiff.

      19.  Denies the applicability of paragraph 40 of the complaint.

      20.  Denies paragraphs 41-45 of the Complaint.

### AS AND FOR A
### FIRST DEFENSE

      21.  The court lacks subject matter jurisdiction over this action.

**AS AND FOR A**
**SECOND DEFENSE**

22.    The Eleventh Amendment to the United States
Constitution bars plaintiff claims that State defendants violated
State law and for a retrospective declaration that State
defendant had violated federal law when plaintiff signed the
stipulation.

**AS AND FOR A FIRST**
**AFFIRMATIVE DEFENSE**

23.    The Complaint fails to state a claim upon which
relief may be granted against the State defendant.

**WHEREFORE,** the State defendant respectfully requests
that this Court dismiss this action in its entirety, and grant
such other and further relief as to the Court seems just and
proper.

Dated:    New York, New York
          August 17, 2007

                         ELIOT SPITZER
                         Attorney General of the
                          State of New York
                         Attorney for State defendant


                         By:  /s/ George A. Alvarez
                         George A. Alvarez (GA-2335)
                          Assistant Attorneys General
                         120 Broadway
                         New York, New York  10271
                         (212) 416-8663

# EXHIBIT D

# U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:07-cv-05773-LAK-GWG

| | |
|---|---|
| Paulino v. Carrion et al | Date Filed: 06/18/2007 |
| Assigned to: Judge Lewis A. Kaplan | Jury Demand: None |
| Referred to: Magistrate Judge Gabriel W. Gorenstein | Nature of Suit: 440 Civil Rights: Other |
| Cause: 42:1983 Civil Rights Act | Jurisdiction: Federal Question |

**Plaintiff**

**Estervina Paulino**                      represented by    **John C. Gray**
South Brooklyn Legal Services
105 Court Street
Brooklyn, NY 11201
(718) 237-5500
*LEAD ATTORNEY*

**Nancy Bedard**
South Brooklyn Legal Services
105 Court Street
Brooklyn, NY 11201
(718) 237-5568
Fax: (718) 855-0733
Email: nbedard@sbls.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Commissioner Gladys Carrion**          represented by    **George Anthony Alvarez**
*New York State Office of Children and*                    New York State Office of the Attorney
*Family Services*                                          General
120 Broadway
New York, NY 10271
(212)-416-8663
Fax: (212)-416-6077
Email: george.alvarez@oag.state.ny.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Thomas R. Frieden**                    represented by    **Mary M O'Sullivan**
*as Commissioner of New York City*                         NYC Law Department, Office of the

*Department of Health and Mental Hygiene*

Corporation Counsel
100 Church Street
New York, NY 10007
(212) 788-1003
Fax: (212) 791-9714
Email: mosulliv@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/18/2007 | 1 | DECLARATION IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS. Document filed by Estervina Paulino.(jeh) (Entered: 06/20/2007) |
| 06/18/2007 | 2 | COMPLAINT against Gladys Carrion, Thomas R. Frieden. Document filed by Estervina Paulino.(jeh) Additional attachment(s) added on 7/11/2007 (Correa, Julie). (Entered: 06/20/2007) |
| 06/18/2007 | | Magistrate Judge Gabriel W. Gorenstein is so designated. (jeh) (Entered: 06/20/2007) |
| 06/18/2007 | | SUMMONS ISSUED as to Gladys Carrion, Thomas R. Frieden, U.S. Attorney and U.S. Attorney General. (jeh) (Entered: 06/20/2007) |
| 06/18/2007 | | Case Designated ECF. (cd) (Entered: 07/11/2007) |
| 07/09/2007 | 3 | STIPULATION EXTENDING DEFENDANTS' TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT; the date for defendants to answer or otherwise respond to the complaint is extended to 7/17/2007. (Signed by Judge Lewis A. Kaplan on 7/9/07) (kco) (Entered: 07/10/2007) |
| 07/13/2007 | 4 | AFFIDAVIT OF SERVICE of Summons and Complaint. Gladys Carrion served on 6/25/2007, answer due 7/17/2007. Service was accepted by W. Merrill Sanderson,Atty. Document filed by Estervina Paulino. (Attachments: # 1 Affidavit # 2 Affidavit)(Bedard, Nancy) (Entered: 07/13/2007) |
| 07/17/2007 | 5 | AFFIDAVIT OF SERVICE of Summons and Complaint. Thomas R. Frieden served on 6/19/2007, answer due 7/17/2007. Document filed by Estervina Paulino. (Bedard, Nancy) (Entered: 07/17/2007) |
| 07/17/2007 | 6 | AFFIDAVIT OF SERVICE of Summons and Complaint. Gladys Carrion served on 6/20/2007, answer due 7/17/2007. Service was accepted by W. Merrill Sanderson,Atty. Document filed by Estervina Paulino. (Bedard, Nancy) (Entered: 07/17/2007) |
| 07/17/2007 | 7 | ORDER FOR CONFERENCE PURSUANT TO RULE 16: Initial Case Management Conference set for 8/2/2007 at 11:00 AM in Courtroom 17A, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Gabriel W. Gorenstein. (Signed by Judge Gabriel W. Gorenstein on |

| | | 7/17/2007) (jar) (Entered: 07/18/2007) |
|---|---|---|
| 07/20/2007 | 8 | NOTICE OF APPEARANCE by Mary M O'Sullivan on behalf of Thomas R. Frieden (O'Sullivan, Mary) (Entered: 07/20/2007) |
| 07/20/2007 | 9 | AMENDED ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for for Dispositive Motion (i.e., motion requiring a Report and Recommendation). Referred to Magistrate Judge Gabriel W. Gorenstein. (Signed by Judge Lewis A. Kaplan on 7/20/07) (pl) Modified on 7/23/2007 (Lancaster, Patricia). (Entered: 07/23/2007) |
| 07/23/2007 | 10 | NOTICE OF APPEARANCE by George Anthony Alvarez on behalf of Gladys Carrion (Alvarez, George) (Entered: 07/23/2007) |
| 07/24/2007 | 11 | ENDORSED LETTER addressed to Judge Gabriel W. Gorenstein from Nancy Bedard dated 7/23/07 re: Request for an adjournment of the pretrial conference set for 8/2/07. ENDORSEMENT: Conference adjourned to 9/18/07 at 10:00 am. Pretrial Conference set for 9/18/2007 at 10:00 AM before Magistrate Judge Gabriel W. Gorenstein. (Signed by Judge Gabriel W. Gorenstein on 7/24/07) (cd) (Entered: 07/25/2007) |
| 08/17/2007 | 12 | ANSWER to Complaint. Document filed by Thomas R. Frieden. (O'Sullivan, Mary) (Entered: 08/17/2007) |
| 08/17/2007 | 13 | ANSWER to Complaint. Document filed by Gladys Carrion.(Alvarez, George) (Entered: 08/17/2007) |
| 09/18/2007 | | Minute Entry for proceedings held before Judge Gabriel W. Gorenstein : Pretrial Conference held on 9/18/2007. (cd) (Entered: 09/24/2007) |
| 11/16/2007 | 14 | SCHEDULING ORDER: The date for document requests and initial interrogatories is 11/30/07. All Discovery due by 4/14/2008. The date by which pretrial motions, if any, will be filed; or, if no such motions are contemplated, the date by which plaintiff will supply pretrial order materials to defendants is 5/15/2008. Joint Pretrial Order due by 6/15/2008. Anticipated length of the trial: 1 day. No jury has been requested. The parties welcome the aid of the Magistrate Judge. The parties do not request the supervision of a private mediator, or a mediator from the SDNY Mediation Program. (Signed by Judge Gabriel W. Gorenstein on 11/16/07) (tro) (Entered: 11/16/2007) |
| 12/12/2007 | 15 | ENDORSED LETTER addressed to Magistrate Judge Gabriel W Gorenstein from George Anthony Alvarez dated 12/10/07 re: defendants writes to the Court requesting a pre-motion conference in anticipation of a motion for judgment on the pleadings and a requests for a stay of discovery pending its determination. ENDORSEMENT: the pre-hearing conference requirement is waived for the proposed motion for judgment on the pleadings. This motion may be combined with a motion for a stay of discovery and should be filed promptly. (Signed by Magistrate Judge Gabriel W. Gorenstein on 12/10/07) (pl) (Entered: 12/13/2007) |
| 12/14/2007 | 16 | ENDORSED LETTER addressed to Magistrate Judge Gabriel W. |

Gorenstein from Mary O'Sullivan dated 12/13/07 re: counsel for defendant requests the Court's permission to file a motion for judgment on the pleadings pursuant to FRCP 12(c), to be combined with a motion for a stay of discovery. ENDORSEMENT: Granted if done promptly. (Signed by Magistrate Judge Gabriel W. Gorenstein on 12/13/07) (dle) (Entered: 12/14/2007)

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 01/03/2008 10:41:32 | | | |
| PACER Login: | ny0001 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:07-cv-05773-LAK-GWG |
| Billable Pages: | 2 | Cost: | 0.16 |