UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

ESTERVINA PAULINO,

                                    Plaintiff,

      - against -

GLADYS CARRION, as Commissioner of the New
York State Office of Children and Family Services,
and THOMAS R. FRIEDEN, M.D., as
Commissioner of the New York City Department of
Health and Mental Hygiene,

                                    Defendants.

-------------------------------------------------------------------X

07 CV 5773
(LAK) (GWG)

(ECF)

**THE CITY DEFENDANT'S MEMORANDUM
OF LAW IN SUPPORT OF ITS FRCP RULE
12(c) MOTION ON THE PLEADINGS AND
MOTION FOR STAY OF DISCOVERY
PENDING RESOLUTION OF ITS FRCP RULE
12(c) MOTION**

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendant Frieden
100 Church Street, Room 5-174
New York, New York 10007
Tel: (212) 788-1003
Fax: (212) 791-9714
mosulliv@law.nyc.gov

GABRIEL TAUSSIG,
MARK MUSCHENHEIM,
MARY O'SULLIVAN,
        Of Counsel.

JANUARY 7, 2008

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page**

Ad-Hoc Comm. of Baruch Black & Hisp.Alumni Assoc. v. Baruch
 835 F.2d 980 (2d Cir. 1987)……………………………………………………………5

Alexander v. Sandoval
 532 U.S. 275 (2001)………………………………………………………………...9, 10

Alfaro v. Ward
 814 F.2d 883, (2d Cir. 1987)……………………………………………………………...7

Anti-Monopoly, Inc.
 1996 U.S. Dist.Lexis 2684, 1996 WL 101277 (S.D.N.Y. 1996)………………………….14

Babiker v. Ross University
 No. 98-1429, 2000 U.S. Dist.Lexis 6921 (S.D.N.Y. 2000) …………………………..……...8

Big Apple Food Vendors' Assn v. City of New York
 168 Misc.2d  483, 490 (Sup. Ct. 1995), aff'd 228 AD2d 282 (1st Dept. 1996),
 lv. denied, 89 NY2d 807 (1997)…………………………………………………………10

Board of Regents v Roth
 408 U.S. 564, 577 (1972) ……………………………………………………..………..…11

Boddie v. Schnieder
 105 F.3d 857, 860 (2d Cir. 1997)…...…………………………………………….......5

Chrysler Capital Corp. v. Century Power Corp.
 137 F.R.D. 209, 209-10 (S.D.N.Y. 1991) ………………………………………………14

Colwell v. HHS
 04-1748BTM, 2005 U.S. Dist.Lexis 6556 (S.D.Cal. Mar. 7, 2005)………..…………………9

Conley v. Gibson
 355 U.S. 41, 45-46 (1957))…...…………………………………………………..………5

Cumberland Oil Corp. v. Thropp
 791 F.2d 1037, 1043-44 (2d Cir.), cert. denied 479 U.S. 950 (1986)…………………………13

Flores v. Southern Peru Copper Corp.
 203 F.R.D. 92, 2001 WL 396422 (S.D.N.Y. 2001) …………………………...…………….14

Fulani v. League of Women Voters Educ. Fund
 684 F. Supp. 1185, 1193 (S.D.N.Y. 1988), aff'd, 882 F.2d 621 (2d Cir. 1989)……………..10

Fusco v. State of Connecticut
    815 F.2d 201, 205 (2d Cir.), cert. denied, 484 U.S. 849(1987)……………………...….….11

Goldman v. Belden
    754 F.2d 1059, 1065 (2d Cir. 1985) …………………………………………………….5

Grimes v. Sobol
    832 F. Supp. 704, 709 (S.D.N.Y. 1993), aff'd, 37 F.3d 857 (2d Cir. 1994)……………….9

Hardy v. N.Y.C. Health & Hosps. Corp.
    164 F.3d 789, 793 (2d Cir. 1999)……………………………………………...……...……13

In Re Currency Conversion Fee Antitrust Litigations
    2002 U.S. Dist.Lexis 974 (S.D.N.Y. 2002)………………………………………………14

Kaluczky v. City of White Plains
    57 F.3d 202, 211 (2nd Cir. 1995) ………………………………...………………..……11

Kim v. U.S.A.
    822 F.Supp.107 (E.D.N.Y. 1993). …………………………………………………...…11

Local 342, L.I. Pub. Serv. Employees v Town Bd. of Huntington
    31 F3d 1191, 1194 (2nd Cir. 1990) (per curiam) …………………………………….....11

McLean v. Merrifield.
    No. 00-0120E, 2002 U.S. Dist.Lexis 12753, (W.D.N.Y.  2002)………………....….…1

Mehta v. Surles
    905 F.2d 595, 598 (2d Cir. 1990) ……………………………………………...…….…11

Peralta v. Barnhart
    204 F.Supp.2d 534 (E.D.N.Y. 2002) ……………………………………………….…11

Perez v. Heckler
    717 F.2d 36, 43 (2d Cir. 1983), cert. denied 466 U.S. 929 (1984)…………………………11

Perry v. Sindermann
    408 U.S. 593, 601 (1972)…………………………………………………………...…11

Scaggs v. NYS Dept. of Ed.
    No. 06-0799, 2007 U.S. Dist.Lexis 35860 (E.D.N.Y. 2007) ……………………………...…8

Soberal-Perez v. Heckler
    717 F. 2d 36, 38 (2d Cir. 1973) ……………………………………………………...…8

Staron v. McDonald's Corp.
   51 F.3d 353, 355 (2d Cir. 1995) ...................................................................5

Story v. Green
   978 F.2d 60, 62 (2nd Cir. 1992) ...............................................................12

Tineo v. Barnhart
   No. 01-11636, 2002 U.S. Dist.Lexis 18339 (S.D.N.Y. 2002) ..........................11

Tolbert v. Queens College
   242 F.3d 58, 69 (2d Cir. 2001). ...................................................................8

Toure v. U.S.A.
   24 F.3d 444 (2d Cir. 1994) ........................................................................11

Velez v. Levy
   401 F.3d 75, 84 (2d Cir. 2005)....................................................................6

Vialez v. NYC Housing Auth.
   783 F.Supp. 109 (S.D.N.Y. 1991) ..............................................................11

Yale Auto Parts, Inc. v Johnson
   758 F2d 54, 58 (2d Cir. 1985)...................................................................12

Zanghi v. Old Brookville
   752 F.2d 42, 45 (2d Cir. 1985). ...................................................................7

**Statutes**

18 NYCRR Parts 413, 417...................................................................3, 4

42 U.S.C. §1983.................................................................................*passim*

65 FR 50121........................................................................................ 8

68 FR 47311........................................................................................ 9

1997 N.Y. Laws ch. 436, pt. B, §122..........................................................1

FRCP 12(b), 12(c)............................................................................1, 5

FRCP 26(c).....................................................................................1, 14

Fourteenth Amendment, Due Process Clause.......................................*passim*

NY Social Services Law §390.....................................................................3, 4

NY General Municipal Law §§ 50-e and 50-i……………………………..…………….....13

Title VI of the Civil Rights Act, 78 Stat 252, 42 U.S.C. 2000d, <u>et</u> <u>seq</u>…………………….*passim*

PRELIMINARY STATEMENT ................................................................. 1

STATEMENT OF FACTS ...................................................................... ..3

ARGUMENT ...................................................................................... 5

   POINT I ........................................................................................ 5

      FRCP RULE 12(c) STANDARD FOR DISMISSAL ........................... 5

   POINT II ...................................................................................... 6

      PLAINTIFF HAS FAILED TO ALLEGE ANY
      COGNIZABLE FEDERAL CLAIMS AGAINST THE
      CITY DEFENDANT ...................................................................... 6

        **A. Plaintiff Has Not Stated a Claim under Title VI** .........................7

        **B. Plaintiff Has Not Stated a Claim under the Due Process Clause**.......10

   POINT III ..................................................................................... 13

      PLAINTIFF FAILS TO STATE A COGNIZABLE
      STATE-LAW CONTRACT CLAIM AS AGAINST THE
      CITY DEFENDANT ...................................................................... 13

   POINT IV ..................................................................................... 14

      GOOD CAUSE EXISTS TO STAY DISCOVERY............................ 14

CONCLUSION .................................................................................. 15

## PRELIMINARY STATEMENT

Defendant THOMAS R. FRIEDEN, M.D., the Commissioner of the New York City Department of Health and Mental Hygiene ("DOHMH," the "City Defendant") submits this Memorandum of Law in support of the City Defendant's Motion for Judgment on the Pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("FRCP," "Rule 12(c)"), and in support of the City Defendant's motion for a stay of discovery, pursuant to Rule 26(c) of the FRCP, pending the outcome of the instant motion for judgment on the pleadings.

Pursuant to the Due Process Clause and Title VI of the Civil Rights Act of 1964 ("Title VI"), Plaintiff, who is registered with Defendant New York State ("NYS") Office of Children and Family Services ("OCFS," the "State Defendant"),[1] as a "family day care provider," seeks declaratory and injunctive relief under 42 U.S.C. §1983.  Specifically, Plaintiff seeks an order against the State Defendant directing the State to vacate a Stipulation of Settlement that Plaintiff executed with the State in settling administrative charges brought against Plaintiff relating to the accidental scalding of a child in her care with a cup of coffee, as well as an order directing the State to provide Plaintiff with an administrative hearing over such charges.  Plaintiff alleges that since she is a person with "Limited English Proficiency," she did not understand the effect of her signature on the Stipulation of Settlement, which was in English. Additionally, Plaintiff seeks declaratory and injunctive relief that would require both the City Defendant and the State Defendant to provide translation services to individuals registered with

---

[1] OCFS is an autonomous office within the NYS Department of Family Assistance ("DFA"), which replaced the NYS Department of Social Services, effective April 1, 1997. See 1997 N.Y. Laws ch. 436, pt. B, §122; see also McLean v. Merrifield, No. 00-0120E(Sc), 2002 U.S. Dist.Lexis 12753, at *2, n.1 (W.D.N.Y. 2002).

the State Defendant as family day care providers, as well as oversight by impartial hearing officers whenever a family day care provider opts to settle administrative charges.

The only factual allegations against the City Defendant relate to a single telephone conversation Plaintiff initiated with a City employee to seek advice concerning the above-described enforcement matter with the State Defendant. Plaintiff alleges the City employee advised Plaintiff in Spanish to sign the Stipulation of Settlement with the State Defendant and pay a $400 fine, and that the City failed to: (1) translate the State Defendant's documents for Plaintiff; (2) advise Plaintiff that by signing the Stipulation of Settlement, she waived her right to an administrative hearing; and (3) provide an impartial hearing officer to oversee the telephone conversation. Complaint, ¶¶35, 42.

Notwithstanding every factual inference in Plaintiff's favor, the City's alleged mishandling of the telephone conversation described in Paragraph 35 of the Complaint does not support Plaintiff's claims that the City Defendant deprived her of a constitutionally protected property interest or violated the provisions of Title VI. As explained below, there is no authority to support the claim that the City Defendant had either a duty to provide Plaintiff with translation services when she telephoned the City for advice, or oversight by an impartial hearing officer during such telephone conversation. Based on the City's strong showing that Plaintiff's claims are unmeritorious, the Court should grant a stay of discovery pending resolution of the City's motion for judgment on the pleadings.

## STATEMENT OF FACTS

The factual allegations set forth below are drawn from the Complaint and are assumed to be true solely for purposes of this motion.

Plaintiff is registered with the State Defendant as a "family day care provider." Complaint ¶14.   Pursuant to New York State Social Services Law ("SSL") §390(1)(e), an individual registered as a family day care provider is authorized to provide child care services in his/her home for more than three hours per day per child, for three to six children.

Pursuant to SSL §390,  the State Defendant is responsible for enforcement of the laws and regulations governing family day care.  Enforcement action against a family day care provider, which includes, *inter alia,* the issuance of charges, the provision of hearings, and the suspension and/or revocation of registrations, is carried out by the State Defendant, and is governed by Part 413 of Title 18 of the New York Codes, Rules and Regulations ("NYCRR").

Pursuant to a contract with the State Defendant, the City Defendant issues and renews family day care provider registrations to applicants who present the documentation required by the State Defendant, as set forth in Section 417.2 of Title 18 of the NYCRR, and the City inspects and monitors such providers.  However, formal enforcement action is performed by the State Defendant, not the City.

Plaintiff's claims against the State and City Defendants stem from the State's letter of February 20, 2007, in which the State Defendant advised Plaintiff of violations issued against her in connection with the incident of October 5, 2006, when Plaintiff accidentally spilled hot coffee upon a child in her care.  Complaint, ¶26.  After the spill, Plaintiff did not transport the child to the hospital for treatment, but instead, attempted to treat the child's burn in her home, with cool water and ointment.  Upon arrival of the child's foster parent, 1 ½ hours later, the child was transported by the foster parent to the hospital.  Complaint, ¶¶26-27.

Under the First and Third counts of the Complaint, which are pled solely against the State Defendant, Plaintiff claims that the State's letter of February 20, 2007 violated Plaintiff's rights under the Due Process Clause, as well as various provisions of SSL §390 and Title 18 of the NYCRR, because such letter did not provide specific language advising Plaintiff of her right to a hearing. Complaint, ¶¶41, 44-45.

The State Defendant's letter of February 20, 2007 included a Statement of Charges and a Stipulation of Settlement, and offered Plaintiff the opportunity to avoid an administrative hearing and to pay a fine amount of $400 instead of $500, in exchange for her admission to certain administrative violations. All documents were in English, and the letter did not contain a "hearing notice." Complaint, ¶¶33-34.

Plaintiff is a person with "Limited English Proficiency" (an "LEP"), in that she speaks, reads and writes only Spanish. Complaint, ¶25.

Plaintiff executed the Stipulation of Settlement offered by the State and paid the State Defendant a fine of $400. Complaint, ¶¶34-35. The Complaint is void of any allegations that the State Defendant suspended or revoked Plaintiff's registration as a family day care provider.

By way of the Second count, Complaint ¶¶42-43, Plaintiff claims that both the City and the State "improperly induced" her to execute the Stipulation of Settlement with the State Defendant, based on the fact that Defendants did not provide translation services for Plaintiff and did not provide an impartial hearing officer to oversee Plaintiff's execution of the Stipulation of Settlement. Plaintiff alleges these omissions resulted in violation of her rights under the Due Process Clause and Title VI. Complaint ¶¶42-43.

The sole factual allegation against the City Defendant, set forth in Paragraph 35 of the Complaint, asserts that Plaintiff telephoned a DOHMH employee to seek assistance in responding to the State Defendant's letter of February 20, 2007, and that the DOHMH employee did not translate the correspondence from the State Defendant into Spanish, either orally or in writing, but advised Plaintiff in Spanish to sign the Stipulation of Settlement and pay the fine of $400. Plaintiff also asserts that the DOHMH employee did not advise Plaintiff that by signing the Stipulation of Settlement, she waived her right to a hearing. Complaint, ¶35.

## ARGUMENT

## POINT I

### FRCP RULE 12(c) STANDARD FOR DISMISSAL

The standard for granting a motion for judgment on the pleadings brought under Rule 12(c) is the same as a motion to dismiss under FRCP Rule 12(b)(6) ("Rule 12(b)(6)"). See Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Assoc. v. Bernard M. Baruch College, 835 F.2d 980 (2d Cir. 1987). Pursuant to Rule 12(b)(6), dismissal is appropriate when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." Staron v. McDonald's Corp., 51 F.3d 353, 355 (2d Cir. 1995), (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

On a motion for judgment on the pleadings, a defendant must show that the plaintiff is not entitled to relief under any set of facts that could be proved consistent with the allegations. See Goldman v. Belden, 754 F.2d 1059, 1065 (2d Cir. 1985) (quoting Conley, 355 U.S. at 45-46). To survive the motion, the plaintiff must show a cognizable claim and allege facts that, if true, would support such a claim. See Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).

As explained below, the City Defendant submits that accepting the allegations contained in the Complaint as true and drawing all reasonable inferences in favor of Plaintiff, there is no cognizable federal claim stated in the Complaint against the City Defendant. Therefore, as a matter of law, the City Defendant is entitled to judgment on the pleadings.

**POINT II**

**PLAINTIFF HAS FAILED TO ALLEGE ANY COGNIZABLE FEDERAL CLAIMS AGAINST THE CITY DEFENDANT**

To succeed on a claim under 42 U.S.C. §1983, a plaintiff must plead facts capable of showing (1) s/he has been deprived of a federal right by (2) a person acting under color of state law. See Velez v. Levy, 401 F.3d 75, 84 (2d Cir. 2005). In the instant case, Plaintiffs' Section 1983 claims against the City are predicated on alleged violations of the Due Process Clause and Title VI. Of the claims for relief set forth in the Complaint, only the Second count is pled against the City. Count Two alleges as follows:

> 42.    Defendants improperly induced plaintiff, who was unrepresented by counsel, to waive her right to a hearing by offering her a stipulation of settlement assessing civil penalties without notifying her of her Constitutional and statutory right to a hearing, without oversight by an impartial hearing officer, without offering or providing translation of the stipulation of settlement and statement of charges despite being aware that plaintiff is an LEP individual.

> 43.    In doing so, defendants violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Due Process Clause of Article I, §6 of the New York State Constitution, and Title VI of the Civil Rights Act of 1964.

Complaint, ¶¶42-42.

Liberally construing the above claims and the facts alleged against the City in Paragraph 35 of the Complaint, Plaintiff premises the City's liability upon a single telephone conversation between Plaintiff and a DOHMH employee, which call was initiated by Plaintiff.

Complaint, ¶35. Plaintiff appears to claim that when she telephoned a DOHMH employee to seek assistance in responding to the State Defendant's letter of February 20, 2007, the Due Process Clause and Title VI required the City (1) to translate the State's documents into Spanish, either orally or in writing; (2) to conduct such conversation with oversight by an impartial hearing officer; and (3) to advise Plaintiff that by signing the Stipulation of Settlement, she waived her right to a hearing.[2]  Complaint, ¶¶35, 42-43.

## A. Plaintiff Has Not Stated a Claim under Title VI

Plaintiff alleges that the City Defendant violated Title VI of the Civil Rights Act, 78 Stat 252, as amended, 42 U.S.C. 2000d, et seq. ("Title VI").  Section 601 of Title VI provides:

> No person in the United States shall, on the ground of race, color or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. 2000d.

As an initial matter, Plaintiff's claim fails because she does not allege she is the intended beneficiary of federal funds received by DOHMH.  The programs and activities covered

---

[2]  Initially, insofar as Plaintiff seeks to hold Defendant THOMAS R. FRIEDEN, M.D., individually liable, such claims cannot stand, as the Complaint is entirely devoid of any allegations of his personal involvement.  Having failed to allege that Defendant Frieden was directly or personally responsible for the purported unlawful conduct, the Complaint is "fatally defective" on its face and must be dismissed as to Defendant Frieden.  Alfaro v. Ward, 814 F.2d 883, (2d Cir. 1987).  Construing Plaintiff's claim as one against DOHMH, in order to state a Section 1983 claim against a municipal defendant, a plaintiff must allege that the unconstitutional act occurred pursuant to some official policy or governmental custom.  Zanghi v. Old Brookville, 752 F.2d 42, 45 (2d Cir. 1985).  Solely for purposes of this motion, it is assumed that Plaintiff's allegations against the City Defendant infer a policy or custom of not providing translation services or oversight by an impartial hearing officer during telephone conversations initiated by family day care providers seeking assistance with correspondence received from the State Defendant.

by Title VI are those where "federal funding is given to a non-federal entity which, in turn provides financial assistance to the ultimate beneficiary." Soberal-Perez v. Heckler, 717 F. 2d 36, 38 (2d Cir. 1973); see also Babiker v. Ross University, No. 98-1429, 2000 U.S. Dist.Lexis 6921 at *14-15 (S.D.N.Y. 2000)(holding that to establish a claim under Title VI, a plaintiff must show that, *inter alia*, the entity receives federal financial aid, and the plaintiff is an entitled beneficiary of the program or activity receiving the aid.). The Complaint does not allege that federal funds received by the City Defendant are in some form provided to Plaintiff.

Even assuming *arguendo* that Plaintiff is the intended beneficiary of federal funds received by DOHMH, the Complaint is insufficient as a matter of law. Title VI prohibits programs receiving federal funds from engaging in intentional discrimination on the basis of color or national origin. To establish a Title VI claim, a plaintiff must allege: (1) that the defendant discriminated against him/her on the basis of color or national origin, (2) that such discrimination was intentional, and (3) that the discrimination was a "substantial" or "motivating factor" for the defendant's actions. Scaggs v. NYS Dept. of Ed., No. 06-0799, 2007 U.S. Dist.Lexis 35860, *39 (E.D.N.Y. 2007), citing, Tolbert v. Queens College, 242 F.3d 58, 69 (2d Cir. 2001).

Apparently in support of her claims under Title VI, Plaintiff references Executive Order 13166 of August 11, 2000, "Improving Access to Services for Persons with Limited English Proficiency," see 65 FR 50121, and "Guidance to Federal Financial Assistance Recipients Regarding Title VI Prohibition Against National Origin Discrimination Affecting Limited English Proficient Persons" (the "Guidance Document"), a document promulgated by the U.S. Department of Health And Human Services ("HHS") on August 8, 2003. See 68 FR 47311. The HHS Guidance Document specifically provides that such document "is not a

regulation but rather a guide," see 68 FR 47313, n.2., offering a fact-dependent standard, involving the balancing of four factors, for use by HHS recipients in determining whether or not they have a specific obligation to individuals with limited English proficiency. See Colwell v. HHS, 04-1748BTM, 2005 U.S. Dist.Lexis 6556, at *8-9 (S.D.Cal. Mar. 7, 2005). Footnote 2 of the HHS Guidance Document further provides that "Title VI and its implementing regulations require that recipients take reasonable steps to ensure meaningful access by LEP persons." 64 FR at 47313, n.2.

Assuming *arguendo* that the HHS Guidance Document could somehow be construed as requiring the City Defendant to provide translation services when a family day care provider telephones for advice as to an enforcement matter involving the State Defendant, Plaintiff's claim under Title VI is insufficient as a matter of law. The Supreme Court has held that there is no private right of action to enforce disparate-impact regulations promulgated under Section 602 of Title VI, the section authorizing federal agencies to effectuate the provisions of Section 601 by enacting regulations. Alexander v. Sandoval, 532 U.S. 275 (2001). In Alexander v. Sandoval, 532 U.S. 275 (2001), the petitioners brought a suit to enjoin the English-only policy of the Alabama Department of Public Safety in administrating driver's license examinations, on the grounds that it disparately impacted non-English speakers in violation of regulations issued by the U.S. Department of Justice. The Supreme Court reversed the lower court's decision, holding that even assuming that the English-only policy violated statutorily authorized federal regulations, no private right of action exists to enforce such regulations. The language of Title VI prohibits only intentional discrimination, not discriminatory impact, and the express language permitting the implementing of regulations does not include a provision for private enforcement rights. Id.; see also Grimes v. Sobol, 832 F. Supp. 704, 709 (S.D.N.Y. 1993), aff'd, 37 F.3d 857

(2d Cir. 1994), citing Fulani v. League of Women Voters Educ. Fund, 684 F. Supp. 1185, 1193 (S.D.N.Y. 1988)(failure to allege intentional discrimination warrants dismissal of Title VI claim), aff'd, 882 F.2d 621 (2d Cir. 1989).  The Court held that the text and structure of Section 602 of the Title VI, 42 U.S.C. 2000d-1 does not contain "rights-creating" language, and that the methods of enforcement provided under Section 602 do not manifest an intent to create a private right of action, as agencies are empowered to enforce their own regulations by terminating funding to the particular program, after following the provisions concerning enforcement action, which include an attempt to secure compliance by voluntary means.  Sandoval, 532 U.S. at 288-90.

Therefore, as Plaintiff does not allege that the City Defendant's acts or omissions were motivated by discriminatory intent towards Plaintiff, she has failed to state a claim under Section 601 of Title VI.

Based on the foregoing, Plaintiff's claim under Title VI should be dismissed as a matter of law.

## B.  Plaintiff Has Not Stated a Claim under the Due Process Clause

The Due Process Clause provides that "[n]o state shall ... deprive a person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV.[3]  In order for a person to establish a Section 1983 claim that the state has deprived him/her of property without due process, s/he must "first identify a property right, second show that the state has deprived

---

[3] The interests protected by the due process clause of the New York Constitution are the same as those protected by the Federal Constitution.  See Big Apple Food Vendors' Assn. v. City of New York, 168 Misc.2d 483, 490 (Sup. Ct. 1995), aff'd 228 AD2d 282 (1st Dept. 1996), lv. denied, 89 NY2d 807 (1997).

him of *that* right, and third show that the deprivation was effected without due process." Mehta v. Surles, 905 F.2d 595, 598 (2d Cir. 1990), citing Fusco v. State of Connecticut, 815 F.2d 201, 205 (2d Cir.), cert. denied, 484 U.S. 849(1987).

In the instant matter, Plaintiff appears to allege that based on the fact that the State Defendant's letter of February 20, 2007 was in English, a language she doesn't understand, Complaint, ¶25, when Plaintiff telephoned the City Defendant for advice on such letter, the Due Process Clause required the City Defendant to provide Plaintiff with translation services of the State's letter and well as oversight by an impartial hearing officer during discussions on whether to sign it. Complaint, ¶¶35, 42.

There is no authority to support the claim that a government entity violates an individual's right to due process by communicating with the individual in a language other than English. In Perez v. Heckler, 717 F.2d 36, 43 (2d Cir. 1983), cert. denied 466 U.S. 929 (1984), the Second Circuit held that "[a] rule placing the burden of diligence and further inquiry on the part of a non-English-speaking individual served … with a notice in English does not violate any principle of due process." See also Vialez v. NYC Housing Auth., 783 F.Supp. 109 (S.D.N.Y. 1991)(holding that the Constitution does not require the government to take into account a person's language in determining what process is due.); Peralta v. Barnhart, 204 F.Supp.2d 534 (E.D.N.Y. 2002); Tineo v. Barnhart, No. 01-11636, 2002 U.S. Dist.Lexis 18339 (S.D.N.Y. 2002); Toure v. U.S.A., 24 F.3d 444 (2d Cir. 1994); and Kim v. U.S.A., 822 F.Supp.107 (E.D.N.Y. 1993). Plaintiff's unilateral expectation or need for translation services is not sufficient to create a property interest entitled to constitutional protection. See Perry v. Sindermann, 408 U.S. 593, 601 (1972); Board of Regents v Roth, 408 U.S. 564, 577 (1972); Kaluczky v. City of White Plains, 57 F.3d 202, 211 (2nd Cir. 1995); Local 342, Long Island

Public Serv. Employees, UMD, ILA, AFL CIO v Town Bd. of Huntington, 31 F3d 1191, 1194 (2nd Cir. 1990) (per curiam); Story v. Green 978 F.2d 60, 62 (2nd Cir. 1992); Yale Auto Parts, Inc. v Johnson, 758 F2d 54, 58 (2d Cir. 1985). Based on the foregoing, Plaintiff's claim that the City Defendant was required to provide her with translation services fails as a matter of law.

As to any due process claims Plaintiff purports to allege against the City Defendant relating to Plaintiff's payment of the $400 fine, her admission of administrative violations relating to the incident of October 5, 2006 and her waiver of an administrative hearing over such violations, such claims also are insufficient as a matter of law. The foregoing matters are not within the control of the City Defendant. As admitted in the Complaint, the letter of February 20, 2007 was issued by the State Defendant, the Stipulation of Settlement was executed between Plaintiff and the State Defendant, Plaintiff paid the $400 fine to the State Defendant, and when Plaintiff's counsel sought to have the Stipulation of Settlement vacated, it was the State Defendant that was contacted, not the City Defendant. Complaint, ¶¶ 33-34, 37.

To the extent Paragraph 42 of the Complaint asserts that the City Defendant had a duty to provide an impartial hearing officer to oversee the telephone conversation referenced in the Complaint between Plaintiff and a DOHMH employee, Complaint, ¶35, Plaintiff fails to cite any statute or case law to support such a claim.

Based on the foregoing, Plaintiff's claims under the Due Process Clause against the City Defendant should be dismissed as a matter of law.

## POINT III

## PLAINTIFF FAILS TO STATE A COGNIZABLE STATE-LAW CONTRACT CLAIM AS AGAINST THE CITY DEFENDANT

To the extent Plaintiff purports to allege a contract claim based on "improper inducement," Complaint, ¶42, premised upon the allegation that during a telephone conversation initiated by Plaintiff, a City employee advised Plaintiff to sign the Stipulation of Settlement with the State Defendant, Complaint, ¶35, which the City denies – even if such allegation were true, it fails to support a cognizable claim.

Under New York law, a person may be held liable for inducing another to enter into a contract by misrepresenting a material fact or making a promise that s/he has no intention of keeping. Cumberland Oil Corp. v. Thropp, 791 F.2d 1037, 1043-44 (2$^d$ Cir.), cert. denied 479 U.S. 950 (1986). As the Complaint does not allege that the City misrepresented a material fact or made any type of promise, Plaintiff fails to state a contract claim.[4]

Based on the foregoing, any state-law contract claim alleged against the City Defendant should be dismissed.

---

[4] If Plaintiff seeks monetary relief under any contract claim, such claim would be defective because Plaintiff does not allege that she has filed a notice of claim, as required by NY General Municipal Law ("GML") Sections 50-e and 50-i. See Hardy v. N.Y.C. Health & Hosps. Corp., 164 F.3d 789, 793 (2d Cir. 1999)(holding that in federal court, state notice-of-claim statutes apply to state-law claims). By their terms, Sections 50-e and 50-i require any party asserting a state-law tort claim against a municipal entity, or its employees acting in the scope of their employment, to file a notice of claim within 90 days of the incident giving rise to the claim, and further require the plaintiff to commence the action within a year and 90 days from the date on which the cause of action accrues. GML §§ 50-e, 50-i. The Complaint contains no allegation that Plaintiff filed a notice of claim.

**POINT IV**

**GOOD CAUSE EXISTS TO STAY DISCOVERY**

Pursuant to Rule 26(c) of the FRCP, a district court has discretion to stay discovery for "good cause." In Re Currency Conversion Fee Antitrust Litigations, 2002 U.S. Dist.Lexis 974 at *3-4 (S.D.N.Y. 2002).

"Courts in this District hold that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'does not appear to be without foundation in law.'" Id., citing Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y. 1991); see also Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. 2001)(holding that a court has the power to stay initial disclosures "pending resolution of [a] motion to dismiss, if the defendant makes a strong showing that the plaintiff's claim is unmeritorious"); Anti-Monopoly, Inc., 1996 U.S. Dist.Lexis 2684, 1996 WL 101277, at *2 (S.D.N.Y. 1996)(holding that good cause "may be shown where a party has filed (or sought leave to file) a dispositive motion such as a motion to dismiss").

As explained above, Plaintiff's claims against the City Defendant are without foundation in law, and therefore, a stay of discovery should be granted.

## CONCLUSION

**FOR THE FOREGOING REASONS, THE CITY DEFENDANT IS ENTITLED TO JUDGMENT ON THE PLEADINGS DISMISSING THE COMPLAINT AS AGAINST THE CITY DEFENDANT IN ITS ENTIRETY, AND PENDING THE OUTCOME OF THIS MOTION, TO AN ORDER STAYING DISCOVERY**

Dated:      New York, New York
            January 7, 2007

                            MICHAEL A. CARDOZO
                            Corporation Counsel of the
                                City of New York
                            Attorney for New York City Defendants
                            100 Church Street, Room 5-174
                            New York, New York 10007
                            Tel:  (212) 788-1003


              By:       _____/s_____
                            Mary O'Sullivan (MO-8495)
                            Assistant Corporation Counsel