```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
ESTERVINA PAULINO
                        Plaintiff,        :

    -against-                             :

GLADYS CARRION, as Commissioner of        :
the New York State Office of Children
and Family Services, and THOMAS R.        : 07 CV 05773
FRIEDEN, M.D., as Commissioner of the
New York City Department of Health and    : Filed Electronically
Mental Hygiene
                        Defendants,       :

-----------------------------------------X
```

## MEMORANDUM OF LAW IN SUPPORT OF STATE DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

```
                                    ANDREW M. CUOMO
                                    Attorney General of the
                                      State of New York
                                    Attorney for State Defendant
                                    120 Broadway - 24th Floor
                                    New York, New York  10271

George A. Alvarez (GA2335)
Assistant Attorney General
 Of Counsel
212-416-8663
```

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . 1

ALLEGATIONS OF THE COMPLAINT . . . . . . . . . . . . . . . . . . 1

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Point I   -   THE COURT LACKS SUBJECT MATTER
              JURISDICTION OVER THIS ACTION
              BECAUSE PLAINTIFF HAS NOT BEEN
              DEPRIVED OF A RIGHT SECURED BY
              THE CONSTITUTION OR FEDERAL LAW . . . . . . . . . 3

Point II  -   THIS COURT LACKS JURISDICTION
              OVER PLAINTIFF'S STATE LAW
              CONTRACT CLAIM IN THE ABSENCE
              OF A FEDERAL CLAIM . . . . . . . . . . . . . . . . 8

Point III -   THE PROPER VENUE FOR RESOLUTION
              OF PLAINTIFF'S CLAIMS WAS AN ARTICLE
              78 PROCEEDING . . . . . . . . . . . . . . . . . . 10

Point IV  -   DISCOVERY SHOULD BE STAYED FOR
              GOOD CAUSE AND IN THE INTERESTS
              OF JUDICIAL ECONOMY . . . . . . . . . . . . . .  12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . .  13

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
ESTERVINA PAULINO                        :
                        Plaintiff,       :
                                         :
     -against-                           :
                                         :
GLADYS CARRION, as Commissioner of       :
the New York State Office of Children    :
and Family Services, and THOMAS R.       : 07 CV 05773
FRIEDEN, M.D., as Commissioner of the    :
New York City Department of Health and   : Filed Electronically
Mental Hygiene                           :
                        Defendants,      :
                                         :
----------------------------------------X
```

## MEMORANDUM OF LAW IN SUPPORT OF STATE DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

### PRELIMINARY STATEMENT

Defendant GLADYS CARRION, as Commissioner of the New York State Office of Children and Family Services("State defendant" or "OCFS") respectfully submits this memorandum of law in support of her motion for judgement on the pleadings pursuant to Fed. R. Civ. Proc. Rule 12(c), and for a stay of discovery pending determination of this motion.

### ALLEGATIONS OF THE COMPLAINT

Plaintiff is a state-registered family day care provider, and provides childcare in her apartment. Cplt ¶ 7. Such providers are subject to regulatory supervision by the New York State Office of

Children and Family Services (OCFS), and State Defendant Carrion is the Commissioner of OCFS. Cplt ¶ 15. On February 20, 2007, OCFS charged plaintiff with violations of State regulations as a result of an incident on October 5, 2006, in which plaintiff spilled scalding hot coffee on a three year old child's face and abdomen "resulting in first and second degree burns to the child." Statement of Charges, dated February 20, 2006 (referenced in Cplt ¶¶ 33-35).

According to plaintiff, she was offered a stipulation of settlement by State defendant and, in order "to avoid an administrative hearing," id. ¶ 34, plaintiff "signed the stipulation and submitted it with a check for [payment of the] $400 [fine]," after first consulting with a bi-lingual manager of City defendant and being advised, in Spanish, to sign the stipulation. id. ¶ 35.

Plaintiff now brings this action pursuant to 42 U.S.C. § 1983, seeking a judgment, inter alia, "[v]acating the stipulation of settlement and directing OCFS to hold a hearing on the allegations in the Statement of Charges." Cplt at 11 (¶ d). The gravamen of plaintiff's case is her claim that defendants violated her due process rights by failing to translate the stipulation into Spanish and her allegation that for this reason she did not understand the document. See Cplt ¶ 1. While plaintiff's prior course of conduct would appear to be inconsistent with this claim, even assuming, arguendo (for purposes of this motion only), that it is correct, under applicable law, defendants should be granted judgment on the

pleadings.

## STANDARD OF REVIEW

The standard for a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is analogous to the standard under Rule 12(b)(6). See Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir.2001). The Court must determine whether "the moving party is entitled to judgment as a matter of law." Burns Int'l Sec. Servs. v. International Union, 47 F.3d 14, 16 (2d Cir.1995).

The Court is generally limited to "the factual allegations in [the] complaint, documents attached to the complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be taken, or documents either in plaintiff['s] possession or of which plaintiff[ had knowledge and relied in bringing suit." Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir.1993).

## ARGUMENT

### Point I

**THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS ACTION BECAUSE PLAINTIFF HAS NOT BEEN DEPRIVED OF A RIGHT SECURED BY THE CONSTITUTION OR FEDERAL LAW**

This Court lacks subject matter jurisdiction over this action. "The first inquiry in any § 1983 suit ... is whether the plaintiff

3

has been deprived of a right secured by the Constitution and laws." Baker v. McCollan, 443 U.S. 137, 140 (1979) (internal quotation marks omitted).

Here, plaintiff's pleadings fail to set forth a claim of deprivation of plaintiff's rights under the Constitution or federal law. Indeed, plaintiff hinges her claim on Executive Order 13166 (Cplt ¶12), issued by President Clinton regarding Federal agencies, which, *by its own terms*:

> is intended only to improve the internal management of the executive branch and does not create any right or benefit, substantive or procedural, enforceable at law or equity by a party against the United States , it s agencies, its officers or employees , or any person.

Executive Order 13166, § 5; see also Guidance to Federal Financial Recipients Regarding Title VI Prohibitions Against National Origin Discrimination Affecting Limited English Proficient Persons, 68 Fed. Reg. 47311 (issued pursuant to Executive Order 13166)(cited in Cplt ¶ 13).

In seeking to convert what is essentially a state law dispute into a federal Title VI discrimination claim, plaintiff relies (albeit without attribution) by reference to law that has been overruled. The Complaint cites 45 C.F.R. § 80.3 for the proposition that "[u]nder Title VI, national origin discrimination includes the disparate treatment of non -English speaking individuals." Cplt ¶ 11. However, the cited section states no such thing. Apparently, plaintiff is alluding to the Supreme Court's interpretation of that section in Lau v. Nichols, 414 U.S. 563, 568 (1974)(denial of

4

"meaningful opportunity to participate in the educational program" to Chinese-speaking minority had "all earmarks of the discrimination banned by the regulations"). Unfortunately for plaintiff, <u>Lau</u> has effectively been overruled. <u>See</u> <u>Alexander v. Sandoval</u>, 532 U.S. 275, 285-86 (2001)(impliedly abrogating <u>Lau</u>); <u>Clients' Counsel v. Pierce</u>, 533 F. Supp 563, 573 (W.D. Ark. 1982)(court have read recent Supreme Court cases as "indicating that Lau has been overruled").

Additionally, the Supreme Court in <u>Alexander</u>, held that "[n]either as originally enacted nor as later amended [42 U.S.C. § 2000d, <u>et. seq.</u>]doe Title VI display an intent to create a freestanding private right of action to enforce regulations promulgated under § 602 [such as 45 C.F.R. § 80.3]. We there for hold that no such right of action exists." 532 U.S. at 293,

Indeed, this Court has held "[t]o the contrary, the cases hold that ... the Constitution does <u>not</u> require the government to take into account a person's language or education in determining what process is due." <u>Vialez v. NYC Housing Authority</u>, 783 F. Supp, 109, 119(S.D.N.Y. 1991)(emphasis in original)(Section 1983 challenge by non-English-speaking public housing tenant to termination of her tenancy because documenting pertaining to proceeding were no provided in Spanish).

Further, the Second Circuit has declared that "[a] rule placing the burden of diligence and further inquiry on the part of a non-English-speaking individual served in this country with a notice in

English does not violate any principle of due process." <u>Soberal v. Heckler</u>, 717 F.2d 36, 43 (2d Cir. 1983), cert denied , 466 U.S. 939 (1984)(holding that failure to provide forms and services in Spanish to Hispanic plaintiffs with limited abilities in English did not violate due process or equal protection); <u>see also</u> <u>Peralta v. Barnhart</u>, 204 F. Supp. 2d 534 (E.D.N.Y. 2002)(holding that SSA's decision that claimant was not without fault in receiving overpayment was supported by substantial evidence because of claimant's failure to inquire as to meaning of notices in English).

Here, plaintiff not only admits that she has a niece who has previously translated documents from OCFS for her regarding the violation which was the subject of the stipulation, <u>see</u> Cplt ¶ 32, but also that she specifically sought the aid of a Spanish-speaking Manager of City defendant's (Ms. Andrea Batts) regarding the stipulation at issue in this case, Cplt ¶35. Although plaintiff claims that Ms. Batts advised in Spanish, her, to sign the stipulation and pay the fine, she avers that Batts "did not translate the document into Spanish orally or in writing. Nor did [she] inform plaintiff that by signing the stipulation, she was waiving her right to a hearing." <u>Id.</u> Plaintiff does not allege that she diligently inquired further by requesting an explanation or translation from either Ms. Batts, her niece or anyone else. <u>See</u> <u>Peralta</u>, 204 F. Supp. 2d at 538 ("any such absence of explanation was not unreasonable, since Peralta's testimony indicates that she never asked anyone at the SSA office for an explanation of the ...

6

form, even though she new that some of the employees spoke Spanish." Moreover, plaintiff admits that upon receiving a letter enclosing the stipulation, and after speaking to Ms. Batts, she sent her own check and the signed stipulation "to pay a fine" Cplt ¶ 34-35.

The complaint further fails because even under Executive Order 13266 an agency is advised to take "<u>reasonable steps</u> to ensure meaningful access to their programs and activities by LEP persons." Executive Order 13166. Additionally, the standard is "designed to be flexible and fact-dependant." 68 Fed. Reg. 47311(V).

The specific facts as pleaded by plaintiff refute her claims. State defendant has "two main ways to provide language services: Oral interpretation either in person or via telephone ... and written translation." 68 Fed. Reg. 47311(V). "[h]iring bilingual staff offers on of the best, and often most economical options." <u>Id</u>. at (VI)(B). Also, "[s]ome LEP persons may feel more comfortable when a trusted family member or friend acts as an interpreter." <u>Id</u>. Here, plaintiff admits to using the interpretation services of both defendant's bilingual staff (Ms. Batts), <u>see</u> Cplt ¶ 35, and her own niece, Cplt ¶32.

Thus, as the pleadings do not support a federal claim, this Court lacks subject matter jurisdiction, this action should be dismissed.

7

## Point II

**THIS COURT LACKS JURISDICTION OVER PLAINTIFF'S STATE LAW CONTRACT CLAIM IN THE ABSENCE OF A FEDERAL CLAIM**

Since plaintiff has failed to state a federal due process claim, all that remains of plaintiffs complaint is a state law contract claim for vacatur of the stipulation on state law grounds, over which this Court lacks jurisdiction. Plaintiff effectively contends there was no meeting of the minds regarding the formation of the stipulation.

"Simply put, a stipulation for settlement is a contract, interpreted under general principles of contract law." Coalition on West Valley Nuclear Wastes v. Bodman, 2007 WL 2892628*10 (W.D.N.Y.); see also Red Ball Interior Demolition Corp. V. Palmadessa, 171 F.3d 481, 484 (2d Cir. 1999)(same); Bresloff-Hernandez v. Horn, 2007 WL 2789500*11 (S.D.N.Y.)(same); but see Coalition on West Valley Nuclear Wastes, 2007 WL 2892628 *10 (when federal government is a party and contract is entered into pursuant to a federal statute, interpretation of contract governed by federal law, which adopts relevant state rule unless there is a conflict).

However, while a state court "has control over stipulations and power to relieve from the terms thereof [for] good cause," In re Furtiger, 29 N.Y.2d 143, 149-50 (1971); see also Trump v. Trump, 179 A.D.2d 201, 204 (1st Dep't 1992)(same), a federal

8

court has no such power, see <u>Verizon New York, Inc. v. Choice One Communications of New York, Inc.</u>, 499 F. Supp. 2d 326, 339 (2007)("this Court does not have jurisdiction over this state law contract case, which must therefore be remanded to state court"); <u>Rumain v. Baruch College of the City University of New York</u>, 2007 WL 1468885, *3 (S.D.N.Y.)(federal corut cannot entertain action deeking recission of a stipulation, which instead a common law contract claim), especially absent a federal claim, see <u>Aviation Professionals Institute LLC v. Gary/Chicago International Airport Authority</u>, 2007 WL 3286890*6 (N.D. Ind.)("Consequently, with no remaining federal claim, the only viable claim is API's assertion of a state law breach of contract claim, over which the court does not have jurisdiction").

Here, plaintiff seeks to rescind a stipulation entered into as part of a state, not federal, administrative proceeding. Plaintiff's basic argument sounds in contract law, <u>i.e.</u>, there was no "meeting of the minds" because she did not understand the terms of the stipulation since defendants failed to translate the stipulation into Spanish. <u>See</u> Cplt ¶ 1. Additionally, plaintiff claims the stipulation was in violation of state law. <u>See</u> Cplt ¶¶ 33 (stipulation imposed a fine "<u>[i]n violation of OCFS' own regulations</u>, [because the stipulation] did not give Ms. Paulino any notice of her right of a hearing." [emphasis added]), 16 (citing 18 N.Y.C.R.R § 414.3(f)(2), prohibiting OCFS from

9

imposing a fine without a hearing[1]) and ¶ 2 ("Plaintiff also brings a pendent state law claim under New York Civil Practice Law and Rules Article 78").

Since plaintiff has failed to state a federal due process claim, this Court lacks jurisdiction over plaintiffs state law contract claim for rescission of a state administrative stipulation on state law grounds.

### Point III

**THE PROPER VENUE FOR RESOLUTION OF PLAINTIFF'S CLAIMS WAS AN ARTICLE 78 PROCEEDING**

Since plaintiff's alleged due process claims are a thinly veiled attempt to have a federal court hear what is properly characterized as a state law claim based on of an administrative proceeding, the proper venue for plaintiff's claims should be an article 78 proceeding.

The Second Circuit has held that plaintiffs cannot create federal claims seeking federal court review of alleged state administrative errors by the mere expedient of alleging constitutional violations, where state court remedies are

---

[1] This prohibition, however, should not apply to a stipulation of settlement. See Wright v. Eastman Kodak Company, 445 F. Supp. 2d 314, 317(W.D.N.Y. 2006)("'it is well settled that stipulation s of settlement are favored by the courts, and are not to be lightly cast aside'")(quoting Brock v. Brock, 256 A.D.2d 375, 376 (2d Dep't 1998).

10

available. See Marino v. Ameruso, 837 F.2d 45, 47 (2nd Cir. 1988)(held that discharged city employee who claimed that he was denied due process at his administrative hearing could not sue under 42 U.S.C. § 1983 because he had available State Court remedies, i.e., CPLR article 78); see also New York State National Organization for Women v. Pataki, 261 F.3d 156, 168-69 (2nd Cir. 2001), cert. den'd, 534 U.S. 1128 (2002); Moore v. Turner, 687 F.2d 604 (2nd Cir. 1982), cert. den'd, 459 U.S. 1115 (1983); Vapne v. Eggelston, 04 Civ. 565, 2004 WL 2754673, at *5 (S.D.N.Y.Dec 01, 2004).

Reviewing such claims is not the role of a Federal court. As stated in Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 888 (2nd Cir. 1987), "[i]n reviewing state administrative proceedings, it is the function of the federal courts to determine only whether the state provided adequate avenues of redress to review and remedy arbitrary action."

Federal courts have not been loath to compel litigants to utilize Article 78 courts to resolve administrative disputes, even those with an arguable Constitutional component. In Campo v. New York City Employees Retirement Sys., 843 F.2d 96 (2nd Cir. 1988), cert. denied, 488 U.S. 889 (1988), the Second Circuit affirmed the district court's dismissal of a section 1983 action challenging a city agency's administrative determination. The court held that "[i]f the record before the article 78 court

11

demonstrates a lack of appropriate procedure, the article 78 court has the authority and seemingly the duty to order the agency to conduct a proper hearing regardless of the type of substantive claim involved." 843 F.2d at 101.

As noted in Cartagena v. City of New York, 257 F. Supp.2d 708, 709 (S.D.N.Y. 2003), New York's federal courts "have consistently declined to exercise supplemental jurisdiction over Article 78 claims."

Here, plaintiff concedes that her claims are amenable to an article 78 proceeding. Cplt ¶ 2 ("Plaintiff also brings a pendent state law claim under New York Civil Practice Law and Rules Article 78").

### Point IV

#### DISCOVERY SHOULD BE STAYED FOR GOOD CAUSE AND IN THE INTERESTS OF JUDICIAL ECONOMY

In light of the foregoing, for good cause shown and in the interests of economy of time and effort for the Court and defendants, State defendant also requests a stay of discovery pending the determination of its motion. See Rivera v. Incorporated Village of Farmingdale, 2007 WL 304708 *19 (E.D.N.Y.)(F.R.C.P. 26(c) permits a district court to stay discovery during the pendency of a motion to dismiss for "good cause shown"); see also International Fidelity Ins. Co. v.

12

Podlucky, 2007 WL 2752139 (W.D.Pa.,2007)("A district court has broad discretion to stay proceedings as an incident to its power to control its own docket) citing Landis v. North American Co., 299 U.S. 248, 255 (1936).

## CONCLUSION

For the forgoing reasons, State defendant respectfully requests that this Court dismiss plaintiff's Complaint and grant such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         January 17, 2008

                                    Respectfully submitted,

                                    ANDREW CUOMO,
                                     Attorney General
                                     of the State of New York
                                    Attorney for State defendant


                                    By: _____
                                    George A. Alvarez (GA2335)
                                    Assistant Attorney General
                                    120 Broadway, 24th Floor
                                    New York, New York 10271
                                    212-416-8663