UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

ESTERVINA PAULINO,

              Plaintiff,

  -against-

GLADYS CARRION, as Commissioner of the
New York State Office of Children and Family
Services, and THOMAS R. FRIEDEN, M.D., as
Commissioner of the New York City Department
of Health and Mental Hygiene,

              Defendants.
————————————————————————x

07 CV 5773 (LAK) (GWG)

(ECF)

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

JOHN C. GRAY, ESQ. (9872 JG)
SOUTH BROOKLYN LEGAL SERVICES
Nancy Bedard (1980 NB)
Sarah Dranoff (0870 SD)
Edward Josephson (7815 EJJ)
Attorneys for Plaintiff
105 Court Street
Brooklyn, N.Y. 11201
(718) 237-5500

LEGAL SERVICES FOR NEW YORK CITY
Raun Rasmussen (6036 RR)
Dimple Abichandani (8047 DA)
Amy Taylor (2056 AT)
Attorneys for Plaintiff
350 Broadway, 6th Floor
New York, N.Y. 10013
(212) 431-7200

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page**

ADL, LLC v. Tirakian, 2007 WL 1988751 (E.D.N.Y. 2007)..................................................28

Aetna Ins. Co. v. Kennedy, 301 U.S. 389 (1937).................................................................8

Alexander v. Sandoval, 532 U.S. 275 (2001).........................................................17, 18, 19

Barry v. Barchi, 443 U.S. 55 (1979)....................................................................................7

Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S.Ct. 1955,
167 L.Ed.2d 929 (2007)...................................................................................................... 6

Campo v. New York Employees' Retirement System, 843 F.2d 96 (2d Cir.), cert. denied,
488 U.S. 889 (1988)...........................................................................................................26

Cartagena v. City of New York, 257 F. Supp. 2d 708 (S.D.N.Y. 2003)............................26

Ciambriello v. County of Nassau, 292 F.3d 307 (2d Cir. 2002).....................................7, 9

Complaint of Akropan Shipping Corp., 1990 WL 16097 (S.D.N.Y. 1990).......................27

Contractors Against Unfair Taxation Instituted on New Yorkers v. City of New York,
1994 WL 455553 (S.D.N.Y. 1994)......................................................................................7

Curtis Publishing Co. v. Butts, 388 U.S. 130 (1967)..........................................................8

Cullen v. Fliegner, 18 F.3d 96 (2d.Cir.), cert. denied, 513 U.S. 985 (1994).......................8

D'Alessio v. New York Stock Exchange, Inc., 258 F.3d 93 (2d Cir. 2001).........................6

DeMuria v. Hawkes, 328 F.3d 704 (2d Cir. 2003)..............................................................6

D.H. Overmyer Co. Inc. of Ohio v. Frick Co., 405 U.S. 174 (1972)....................8, 20, 23

Doe v. Marsh, 105 F.3d 106 (2d Cir. 1997)....................................................................8, 22

Donk v. Miller, 365 F.3d 159 (2d Cir. 2004).......................................................................7

Francisco v. Barnhart, 2003 WL 548870 (S.D.N.Y. 2003)................................14, 15, 22

Gour v. Morse, 652 F. Supp. 1166 (D.Vt. 1987).................................................................7

Howard v. Galesi, 107 F.R.D. 348 (S.D.N.Y. 1985)..................................................28

Hunt v. Indiana Family & Social Services Admin., 2007 WL 2349626 (S.D. Ind. 2007)..............7

In re Chase Manhattan Corp. Securities Litigation, 1991 WL 79432 (S.D.N.Y. 1991)................29

In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278 (S.D.N.Y. 2002)..............27

Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123 (1951)...........................9

Jones v. Cowley, 948 F.2d 1294 (10th Cir. 1991)...................................................7

Keney v. Derbyshire, 718 F.2d 352 (10th Cir. 1983)................................................7

Lau v. Nichols, 414 U.S. 563 (1974)..........................................................17 fn.1

Legal Aid Society v. City of New York, 114 F. Supp. 2d 204 (S.D.N.Y. 2000).....................25

Marino v. Ameruso, 837 F.2d 45 (2d Cir. 1988)....................................................25

Mathews v. Eldridge, 424 U.S. 319 (1976).........................................................9

Morris v. NYCERS, 129 F. Supp. 2d 599 (S.D.N.Y. 2001).................................8, 10, 11, 25

Moran v. Burbine, 475 U.S. 412 (1986)............................................................8

New York State National Organization For Women v. Pataki, 261 F.3d 156 (2d Cir. 2001),
cert. denied 534 U.S. 1128 (2002).............................................................25, 26

North Carolina v. Alford, 400 U.S. 25 (1970).....................................................8

Ortiz v. Regan, 749 F. Supp. 1254 (S.D.N.Y. 1990)...............................................10

Osan Limited v. Accenture LLP, 2006 WL 1662612 (E.D.N.Y. 2006)..............................27, 28

Parke v Raley, 506 U.S. 20 (1992)...............................................................17

Patane v. Clark, 508 F.3d 106 (2d Cir. 2007).....................................................6

Patel v. Searles, 305 F.3d 130 (2d Cir. 2002)....................................................6

People v. Mejia-Mendoza, 965 P.2d 777 (Colo. 1998).........................................15, 16

People v. Rivera, 125 Misc. 2d 516, 480 N.Y.S.2d 426 (Sup. Ct. N.Y. Co. 1984)..............15, 16

Perri v. Director, Department of Corrections, State of Illinois, 817 F.2d 448
(7th Cir. 1987)..................................................................................................17, 21, 22

Port Dock and Stone Corp. v. Oldcaster Northeast, Inc., 2006 WL 897996 (E.D.N.Y. 2006)..........27

P.S. 85th Street F.L.P v. Demos, 17 Misc.3d 1139(A) (Civ. Ct. Kings Co. 2007)......................12

Rivera v. Incorporated Village of Farmingdale, 2007 WL 3047089 (E.D.N.Y. 2007).................28

Robinson v. Finkel, 194 Misc. 2d 55, 748 N.Y.S.2d 448 (Sup. Ct. NY Co. 2002),
aff'd on other grounds, Robinson v. Martinez, 308 A.D.2d 355, 764 N.Y.S.2d 94
(1st Dep't 2003)..................................................................................................12,13

Schnecklothe v. Bustamonte, 412 U.S. 218 (1973).....................................................17, 21

Sims v. Artuz, 230 F.3d 14 (2d Cir. 2000)........................................................................6

Soberal v. Heckler, 717 F.2d 36 (2d Cir. 1983).................................................21, 22, 23, 24

United States v. Bernard S., 795 F.2d 749 (9th Cir. 1986)...................................................17

United States v. Boon San Chong, 829 F.2d 1572 (11th Cir. 1987)..................................17, 21

United States v. Gonzales, 749 F.2d 1329 (9th Cir. 1984)....................................................16

United States v. Heredia-Fernandez, 756 F.2d 1412 (9th Cir. 1985).....................................16

United States v. Hernandez, 913 F.2d 1506 (10th Cir. 1990).............................15, 17, 20, 22

United States v. Martinez, 588 F.2d 1227 (9th Cir. 1978)....................................................16

United States v. Robles-Ramirez, 93 F. Supp. 2d 762 (W.D.Tex. 2000)...........................15, 16

United States v. Short, 790 F.2d 464 (6th Cir. 1986)..........................................................17

Vialez v. NYC Housing Authority, 783 F. Supp. 109 (S.D.N.Y 1991)...................................22

Weaver v. New York City Employees' Retirement System, 717 F. Supp. 1039
(S.D.N.Y. 1989)......................................................................................................10

**Statutes and Executive Orders**

18 N.Y.C.R.R. §§ 413. 3, 413.5.............................................................................9, 12, 24

45 CFR § 80.3(b)(2)..................................................................................................19

68 Fed Reg. 47311, 47312 (August 8, 2003)..................................................................19

Exec. Order No. 13166, 65 Fed. Reg. 50121, (Aug. 11, 2000)..........................18, 19, 22, 28

Fed. R. Civ. P. (12)(b), 12(c).................................................................6, 20, 28, 29

NY Soc. Serv. L § 390(11)(a)................................................................9, 12

Title VI of the Civil Rights Act of 1964 §§ 601, 602, 42 U.S.C. § 2000d..................17, 18, 19, 28

## **TABLE OF CONTENTS**

PAGE

PRELIMINARY STATEMENT..................................................................................... 1

STATEMENT OF FACTS............................................................................................2

ARGUMENT.................................................................................................................6

I.   DISMISSAL IS APPROPRIATE ONLY IF THE ALLEGATIONS
     IN THE COMPLAINT, ACCEPTED AS TRUE, FAIL TO STATE
     A PLAUSIBLE CLAIM FOR RELIEF..............................................................6

II.  DEFENDANTS VIOLATED PLAINTIFF'S DUE PROCESS RIGHTS
     BY WRONGFULLY OBTAINING AN UNINFORMED WAIVER OF
     THOSE RIGHTS FROM PLAINTIFF................................................................7

   A.  The Supreme Court and the Second Circuit Strictly Scrutinize a Waiver of Constitutional
       Rights to Determine Whether a Waiver was Knowingly
       Made......................................................................................................8

   B.  Defendants Violated Ms. Paulino's Due Process Rights by Obtaining
       Her Waiver Without Informing Her of Her Right to a Hearing.......................9

   C.  Defendants Violated Due Process by Substituting an Unsupervised
       Stipulation for a Statutorily Mandated Hearing...........................................12

   D.  Defendants Violated Plaintiff's Due Process Rights by Denying Her
       a Hearing Based on a Stipulation that was Not Translated for Her....................14

      1  Defendants violated due process by failing to ensure that
         Plaintiff's waiver was knowing and proper.............................................14

      2  The sufficiency of Plaintiff's waiver must be evaluated with
         reference to the strong federal policy stating that denial of
         language access is discriminatory...........................................................18

      3  Defendants' arguments rely exclusively on an inapposite line
         of cases regarding the limits of the Due Process right to notice
         and disregard the clear standard for waiver of constitutional rights............20

III. CITY DEFENDANT ACTED JOINTLY WITH THE STATE DEFENDANT
     IN DEPRIVING MS. PAULINO OF HER DUE PROCESS RIGHTS...............24

IV.   FEDERAL COURT IS THE PROPER VENUE FOR PLAINTIFF'S ACTION
      TO ENFORCE A FEDERAL CONSTITUTIONAL RIGHT..........................25

V.    THE COURT SHOULD NOT STAY DISCOVERY PENDING THE
      DETERMINATION OF DEFENDANTS' MOTIONS................................27

CONCLUSION.................................................................................29

## PRELIMINARY STATEMENT

Plaintiff Estervina Paulino commenced this action seeking a declaration that Defendants violated her Due Process rights and jeopardized her child care registration by denying her an opportunity to contest administrative charges brought against her in connection with an incident that occurred at her home-based child care facility. Instead of sending Plaintiff the mandated notice regarding her statutory right to an administrative hearing, Defendants sent her a stipulation that waived the administrative hearing, provided for Plaintiff's acknowledgment of the truth of the charges, and imposed a $400 fine. Although Defendants were aware that Plaintiff speaks only Spanish, the stipulation and cover letter were only in English. Defendants never translated the contents of the stipulation for Plaintiff, nor did they explain to her in Spanish that she was waiving her right to contest the charges. When she called them to request an explanation of the stipulation, she was advised to sign it, without further explanation. In short, Defendants failed to take any measures whatsoever to assure that Plaintiff's waiver of her hearing rights was knowing and voluntary. When Plaintiff later retained counsel and requested a hearing, Defendants denied the request based on the purported waiver Plaintiff had signed.

Defendants now move to dismiss the Complaint based on a fundamental misunderstanding of Plaintiff's claims. Defendants wrongly argue that because Due Process may not require them to provide notices to Plaintiff in her own language, Defendants could secure Plaintiff's waiver of her Constitutional rights without assuring that she actually understood the rights she was waiving. Defendants' argument contravenes well established authority stating that waivers of Constitutional rights must be knowing and voluntary, and that inability to speak English is a factor that the state and the courts must consider in determining whether a waiver is voluntary. Defendants also ignore Plaintiff's claims that Defendant's failure

1

to give Plaintiff <u>any</u> notice of her hearing rights, and their failure to provide any impartial oversight of the settlement process, violated Plaintiff's Due Process rights regardless of her ability to speak English.

Defendants also misconceive the relevance of Title VI to the instant action. Although Plaintiff is not attempting to enforce the Title VI disparate impact regulations in this action, Defendants remain under a duty to comply with those regulations, as well as the Executive Order and federal guidances promulgated to prevent national origin discrimination that may result from the failure to provide access to programs and services for persons with limited English proficiency. This federal mandate further undermines Defendants' position that Plaintiff waived her Constitutional rights by signing a document she could not read.

Finally, City Defendant wrongly attempts to avoid liability for the violation of Plaintiff's rights, despite the intertwined responsibilities of the City and State agencies in all aspects of child care regulation, including the enforcement process, and the City's responsibility for handling communication with family day care providers.

For the reasons set forth below, Defendants' motions must be denied.

## STATEMENT OF FACTS

Estervina Paulino is a state-registered family child care provider. Ms. Paulino speaks, reads, and writes only Spanish, and is therefore a person with limited English proficiency ("LEP"). Defendants New York State Office of Children and Family Services ("OCFS") and New York City Department of Health and Mental Hygiene ("DOHMH") are aware that Plaintiff is an LEP individual. Since her initial application to become a registered child care provider, Ms.

2

Paulino's oral communications with DOHMH have been in Spanish either through an interpreter or with Spanish speaking staff. (Complaint at ¶¶ 24-25.)

On October 5, 2006, Ms. Paulino was providing child care to four children in her apartment. At about 5:00 p.m., an accident occurred resulting in coffee being spilled on a child. Ms. Paulino immediately treated the affected area with cool water for an extended period and applied an ointment to the child. (Complaint at ¶ 26.)

Plaintiff contacted the child's foster parent immediately by telephone and made her aware of the accident. The foster parent advised Ms. Paulino that she was on her way to Plaintiff's apartment. The foster parent arrived at 6:45 p.m. and, upon information and belief, took the child to the hospital. Thereafter the foster parent advised Ms. Paulino that the child was in good health. (Complaint at ¶ 27.)

On October 6, 2006, Ms. Paulino was visited by a caseworker from the New York City Administration for Children's Services ("ACS"). The ACS investigator used a Spanish-English telephone interpretation service to interview her. Ms. Paulino was later notified by the State Central Register ("SCR") by letter that she was the subject of an "indicated" report of suspected child abuse or maltreatment. (Complaint at ¶¶ 28-29.)

According to the SCR record Ms. Paulino received, an allegation of burns/scalding was found "unsubstantiated." An allegation of inadequate guardianship and lack of medical treatment was found substantiated. Ms. Paulino had a fair hearing scheduled subsequent to the filing of the Complaint to determine if the report was supported by the available evidence. (Complaint at ¶ 30.)

On October 6, 2006, Ms. Paulino was also visited by a DOHMH inspector, who spoke to the plaintiff in Spanish only throughout the investigation. On October 10, 2006, DOHMH sent a

3

letter to Ms. Paulino reporting violations based on the October 6, 2006 inspection. The report, written in English, instructed her to submit a narrative of what occurred, stating she could do so in Spanish. Ms. Paulino submitted the narrative in Spanish, with an English translation completed by her niece. (Complaint at ¶ 28.)

On February 20, 2007, Kelly M. Philips, Senior Attorney with OCFS' Child Care Enforcement Bureau, sent Ms. Paulino a letter that included a Statement of Charges and a stipulation of settlement. The letter informed Ms. Paulino that the Office was seeking $500 in fines, but if she agreed to the settlement and signed the stipulation she could pay $400. In violation of OCFS' own regulations, this letter did not give Ms. Paulino any notice of her right to a hearing. All the documents sent were in English only. OCFS never sent Ms. Paulino a hearing notice in connection with the Statement of Charges. (Complaint at ¶ 33.)

The stipulation of settlement provided that OCFS was seeking to impose civil penalties pursuant to the Statement of Charges, and that to avoid an administrative hearing, Ms. Paulino acknowledged the existence of the violations cited in the Statement of Charges, and agreed to pay a fine of $400. As Ms. Paulino was unable to read or understand the documents she received, she sought assistance from DOHMH by telephone to respond to these documents. She was advised in Spanish by Andrea Batts, Manhattan Borough Manager of DOHMH's Bureau of Day Care, to sign the stipulation provided by OCFS and pay the fine of $400. DOHMH did not translate the document into Spanish orally or in writing, nor did DOHMH inform plaintiff that by signing the stipulation, she was waiving her right to a hearing. Ms. Paulino signed the stipulation and submitted it with a check for $400. (Complaint at ¶ 35.)

On March 7, 2007, Ms. Paulino retained South Brooklyn Legal Services ("SBLS"). Ms. Paulino advised SBLS through an interpreter that she had signed a stipulation with OCFS. When

4

questioned as to the nature of the document, Ms. Paulino was unaware of its purpose and its legal implications or that she had a right to a hearing. She was unaware that by signing the stipulation, she had waived her right to a hearing on the issues, and had acknowledged the existence of the violations cited in the statement of charges. (Complaint at ¶ 36.)

On March 9, 2007, SBLS wrote to the OCFS Senior Attorney who had sent the stipulation to the Plaintiff, requesting that the stipulation be rescinded and the matter scheduled for a hearing, as Ms. Paulino does not speak English, did not understand what she had signed, and she was unrepresented by counsel when she signed the stipulation. Defendant OCFS denied the request to rescind the stipulation by letter dated March 21, 2007. On May 10, 2007 SBLS sent a letter to defendant OCFS' Supervising Administrative Law Judge requesting that the pro se stipulation of settlement be vacated and asking that the case be scheduled for a hearing. As of this date, OCFS has not responded to this request. (Complaint at ¶ 37.)

Defendant OCFS, as a recipient of federal funds from both the U.S. Department of Health and Human Services and the Department of Justice, is covered by Title VI of the Civil Rights Act of 1964 and both the Department of Justice and Department of Health and Human Services policy guidances.

ARGUMENT

I. DISMISSAL IS APPROPRIATE ONLY IF THE ALLEGATIONS IN THE COMPLAINT, ACCEPTED AS TRUE, FAIL TO STATE A PLAUSIBLE CLAIM FOR RELIEF

Defendants have moved to dismiss the complaint "pursuant to Fed. R. Civ. P. (12)(c) on the ground that it fails to state a claim upon which relief can be granted." See State Defendant's Notice of Motion.

In order to withstand a motion to dismiss, a complaint must only plead "enough facts to state a claim for relief that is plausible on its face." Patane v. Clark, 508 F.3d 106 (2d Cir. 2007), citing, Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The standard for review of a motion made pursuant to Rule 12(c) is "indistinguishable" from the standard applied to a motion made pursuant to Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted. DeMuria v. Hawkes, 328 F.3d 704, 706 n.1 (2d Cir. 2003). The Court's task in reviewing a Rule 12(c) motion "is merely to assess the legal feasibility of the [claim], not to assay the weight of the evidence which might be offered in support thereof." Sims v. Artuz, 230 F.3d 14, 20 (2d Cir. 2000).

The court must make its determination under Rule 12(c), "accepting the allegations in the amended complaint as true and drawing all reasonable inferences in favor of the nonmoving party." Patel v. Searles, 305 F.3d 130 (2d Cir. 2002); D'Alessio v. New York Stock Exchange, Inc., 258 F.3d 93 (2d Cir. 2001).

For the reasons that follow, Defendants' motions to dismiss should be denied.

6

## II. DEFENDANTS VIOLATED PLAINTIFF'S DUE PROCESS RIGHTS BY WRONGFULLY OBTAINING AN UNINFORMED WAIVER OF THOSE RIGHTS FROM PLAINTIFF

It is well established that a license to practice a profession or trade, including a license to provide child care, constitutes a property interest within the meaning of the Due Process clause. See, e.g., Donk v. Miller, 365 F.3d 159, 163 (2d Cir. 2004) (horse training license), citing, Barry v. Barchi, 443 U.S. 55, 64 (1979); Keney v. Derbyshire, 718 F.2d 352, 354 (10th Cir. 1983) (medical license); Hunt v. Indiana Family & Social Services Admin., 2007 WL 2349626 (S.D. Ind. 2007) (license to provide child care); Gour v. Morse, 652 F. Supp. 1166 (D.Vt. 1987) (child care). Plaintiff also has a property interest in the monetary penalty she was assessed as a result of defendants' enforcement procedures. Contractors Against Unfair Taxation Instituted on New Yorkers v. City of New York, 1994 WL 455553 (S.D.N.Y. 1994) ("plaintiffs plainly have a property interest in the money allegedly exacted from defendants for payment of fines"); Jones v. Cowley, 948 F.2d 1294 (10th Cir. 1991) ("there is no doubt that the $15 fine is a deprivation of a property interest.")

Accordingly, Defendants could not commence enforcement proceedings against Plaintiff that could lead to the revocation of her registration or the imposition of a monetary penalty without affording her an opportunity to challenge the charges brought against her, consistent with the protections mandated by the Due Process clause. See Ciambriello v. County of Nassau, 292 F.3d 307, 321 (2d Cir. 2002). Instead of protecting Plaintiff's Due Process rights, Defendants violated them, by wrongfully obtaining a "waiver" of Plaintiff's right to contest the charges through a written stipulation she could not read or otherwise understand.

7

>   A. The Supreme Court and the Second Circuit Strictly Scrutinize a Waiver of Constitutional Rights to Determine Whether a Waiver is Knowingly Made.

The Supreme Court and the Second Circuit apply a strict standard when evaluating a waiver of constitutional rights. In <u>D.H. Overmyer Co. Inc. of Ohio v. Frick Co.</u>, 405 U.S. 174 (1972), the Supreme Court held that the waiver of due process rights must be "voluntarily, knowing, and intelligently made." 405 U.S. at 185. In <u>Doe v. Marsh</u>, 105 F.3d 106, 111 (2d Cir. 1997), the Second Circuit similarly held that "the waiver of a fundamental right in the context of civil cases must be made voluntarily, knowingly and intelligently." This standard must be established by clear and compelling evidence. <u>Curtis Publishing Co. v. Butts</u>, 388 U.S. 130, 145 (1967). It will neither be "presumed nor ... lightly ... inferred." <u>Morris v. NYCERS</u>, 129 F. Supp. 2d 599, 608 (S.D.N.Y. 2001) (<u>quoting</u> <u>Doe v. Marsh</u>, 105 F.3d 106, 11 (2d Cir. 1997)). In fact, "courts indulge every reasonable presumption against waiver" of fundamental rights. <u>Aetna Ins. Co. v. Kennedy</u>, 301 U.S. 389, 393 (1937).

A knowing waiver requires both an awareness of the nature of the right being abandoned and an awareness of the consequences of the decision to abandon it. <u>Moran v. Burbine</u>, 475 U.S. 412, 421 (1986); <u>Cullen v. Fliegner</u>, 18 F.3d 96, 105 (2d. Cir.), <u>cert. denied</u> 513 U.S. (1994) (holding that in order for waiver to be effective, plaintiff must have "possessed an awareness" that he was waiving that right). The knowing and voluntary standard requires "a voluntary and intelligent choice among the alternative courses of action open to the defendant." <u>North Carolina v. Alford</u>, 400 U.S. 25, 31 (1970).

8

At the encouragement of the Defendants, Plaintiff signed a stipulation in which she "admitted" the charges against her, "waived" her right to contest them at a hearing, and "agreed" to pay a $400 fine. Plaintiff was not given any notice about her right to challenge the Statement of Charges, the process of entering into the stipulation was not supervised by an impartial decision maker, and Plaintiff did not understand the contents of the stipulation because she could not read it and Defendants did not translate it. Under these circumstances, and as set forth below, Plaintiff's purported "waiver" was not and could not have been "knowing and voluntary."

### B. Defendants Violated Ms. Paulino's Due Process Rights by Obtaining Her Waiver Without Informing Her of Her Right to a Hearing.

The Due Process Clause requires that before taking action to impair Plaintiff's property interests, Defendants must provide her with "notice of the case against h[er] and an opportunity to meet it." Mathews v. Eldridge, 424 U.S. 319, 348 (1976) (quoting Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 172 (1951) (Frankfurter, J., concurring)); Ciambriello v. County of Nassau, 292 F.3d 307, 321 (2d Cir. 2002).

State Defendant OCFS, in pursuing administrative charges against Plaintiff, failed to serve a Notice of Hearing informing Plaintiff of her right to obtain counsel and contest the charges, as mandated by Defendant's own regulations. NY Soc. Serv. L § 390(11)(a)(iii), 18 N.Y.C.R.R. § 413.5. Instead Defendant mailed Plaintiff a Statement of Charges annexed to a stipulation of settlement disposing of such charges. (See Complaint at ¶ 33.) Defendant's decision to omit the Notice of Hearing and procure a waiver of Plaintiff's right to such hearing through a stipulation without supervision of an impartial hearing officer was a violation of Due Process.

9

When Plaintiff received a Statement of Charges and stipulation of settlement in the mail in connection with an enforcement action against her, she immediately contacted Andrea Batts, Manhattan Borough Manager of DOHMH's Bureau of Day Care, by telephone to seek assistance. (Complaint at ¶ 35.) Without notifying Plaintiff of her right to contest the Statement of Charges at a hearing, Ms. Batts advised Plaintiff, in Spanish, "to sign the stipulation provided by OCFS and pay the fine of $400." (Complaint at ¶ 35.) Defendant DOHMH, in advising Plaintiff in her own language to sign a stipulation without explaining that doing so would constitute a waiver of Plaintiff's right to a hearing to contest the charges filed against her, deprived Plaintiff of the civil fine, placed her home day care registration in jeopardy, and violated Plaintiff's right to Due Process.

In Weaver v. New York City Employees' Retirement System, 717 F. Supp. 1039 (S.D.N.Y. 1989), the court found that the defendant had violated Due Process by failing to give the plaintiff clear notice of her right to contest the agency determination. The court found that the notice was "so confusing that a reasonable lay person would not have known that he had an opportunity in fact to contest defendants' finding." Id. at 1045 (emphasis supplied). Similarly, in Ortiz v. Regan, 749 F. Supp. 1254, 1262 (S.D.N.Y. 1990), the court found a Due Process violation where the "letter sent to [the plaintiff] failed to provide her with any hint that she had an opportunity to rebut the findings in any type of hearing." Since in the instant case, Defendants failed to send Plaintiff any Notice of Hearing, and at most, included an allusion to a hearing in a "whereas" clause in the proposed stipulation of settlement, Defendants failed to give Plaintiff the notice mandated by the Due Process Clause.

Defendants' failure to inform Plaintiff of her hearing rights precludes Defendants from asserting that Plaintiff waived those rights by signing the stipulation. In Morris v. NYCERS, 129 F. Supp. 2d 599 (S.D.N.Y. 2001), the court found a denial of Due Process based on very similar facts. A former New York City employee was denied disability benefits in connection with an alleged work-related injury. NYCERS, the city agency charged with managing retirement and disability benefits for City employees, sent Morris a letter informing him of the denial, and advising him of his right to challenge the denial through an appeal to the Special Medical Review Committee, whose decision would be "final and conclusive." Id. at 602. The letter included a vaguely worded purported waiver, which provided that by agreeing to such review, the plaintiff waived his rights "to seek or obtain any other disposition." Id. The waiver did not, however, specifically inform Morris that by proceeding before the Special Medical Review Committee, he was waiving his right to challenge the original denial in an Article 78 proceeding in state court. Morris commenced suit in federal court asserting that NYCERS's procedures violated Due Process. Id. at 604.

Based on these facts, Judge Cote held that NYCERS had violated Morris's Due Process rights by denying him the right to file an Article 78 proceeding based on a waiver that was not "knowing" and "informed." Id., at 611. ("this Court finds that NYCERS was required to advise Morris with greater clarity of his right to challenge the February 19 denial through an Article 78 proceeding so that his subsequent waiver of that right in favor of a final and binding review by the Special Medical Review Committee could be considered an informed decision.").

As in the <u>Morris</u> case, the Plaintiff was never told she had an "alternative" to signing the stipulation. The State Defendant's failure to give Plaintiff a Notice of Hearing, and the City Defendant's failure to explain to Plaintiff that execution of the stipulation constituted waiver of her right to a hearing upon Plaintiff's diligent inquiry, resulted in an ineffective waiver. Since Plaintiff did not have clear or sufficient notice of the right she was waiving, Defendants' subsequent denial of a hearing violated due process.

### C. <u>Defendants Violated Due Process by Substituting an Unsupervised Stipulation for a Statutorily Mandated Hearing</u>

Defendants' regulations provide that a hearing seeking the imposition of sanctions against a family day care provider must be conducted by a hearing officer who is an attorney employed by OCFS and who has not been involved in any way with the matter. The hearing officer is given the power to "preserve requirements of due process and effectuate the purpose and provisions of applicable law and regulations" and otherwise regulate the hearing. 18 N.Y.C.R.R. § 413.5(g); <u>see also</u> NY Soc. Serv. L§ 90(11)(a)(iv).

In place of this hearing procedure, Defendants substituted an alternate procedure whereby Plaintiff was requested to sign a stipulation waiving her rights without any oversight by a hearing officer to "preserve the requirements of due process" – specifically, to assure that Plaintiff's waiver of her rights was knowing and voluntary. Such a procedure contrasts sharply with the treatment of unrepresented litigants in state court, where judges are mandated to inquire whether the <u>pro se</u> party is fully aware of the rights she is waiving. <u>See</u>  <u>P.S. 85th Street F.L.P v. Demos</u>, 17 Misc. 3d 1139(A) (Civ. Ct. Kings Co. 2007) ("the Court is required, prior to approving a proposed stipulation, where one party appears <u>pro se</u>, to insure that any substantial defenses or claims are

12

adequately addressed in the stipulation, or if waived, that the waiver is knowing and voluntary.")

On similar facts, the court in Robinson v. Finkel, 194 Misc. 2d 55, 748 N.Y.S.2d 448 (Sup. Ct. NY Co. 2002), aff'd on other grounds, Robinson v. Martinez, 308 A.D.2d 355, 764 N.Y.S.2d 94 (1st Dep't 2003), found that the New York City Housing Authority's practice of replacing impartial hearings with "form stipulations between unrepresented tenants and Housing Authority attorneys" subverted the Due Process principles on which NYCHA's hearing procedures were based. Id., 194 Misc.2d at 67. The court reasoned that

> by having unrepresented tenants relinquish [their rights] through form stipulations, the respondent Housing Authority has replaced a set of procedural requirements designed to provide due process of law, and substantive limitations on the power to evict for nondesirability, with a process that is devoid of any procedural safeguards, circumvents the substantive limitations, and is not subject to judicial review from any contemporaneous record. This substitute process is not only not authorized by the several consent decrees and the procedures, but is utterly inconsistent with their explicit purpose of providing public housing tenants with due process of law before their tenancy may be terminated by State action...

Id., at 71.

The Robinson court further concluded that such stipulations, executed "without a record and without review and approval by a hearing officer ... do not satisfy the requirements for waiver of federal constitutional rights." Id. at 73.

In the instant case, as in Robinson, Defendants' action of sending Plaintiff a form stipulation, without providing any mechanism to assure that Plaintiff's waiver of rights was knowing and voluntary, contravened the Due Process principles embodied in

13