UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                           :
ESTERVINA PAULINO                          :
                      Plaintiff,           :
                                           :
    -against-                              :
                                           :
GLADYS CARRION, as Commissioner of         :
the New York State Office of Children      :
and Family Services, and THOMAS R.         : **07 CV 05773**
FRIEDEN, M.D., as Commissioner of the      :
New York City Department of Health and     : Filed Electronically
Mental Hygiene                             :
                      Defendants,          :
------------------------------------------X


**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF STATE DEFENDANT'S
<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**


                                ANDREW M. CUOMO
                                Attorney General of the
                                  State of New York
                                <u>Attorney for State Defendant</u>
                                120 Broadway - 24th Floor
                                New York, New York  10271

George A. Alvarez (GA2335)
Assistant Attorney General
 <u>Of Counsel</u>
212-416-8663

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
ESTERVINA PAULINO                        :
                        Plaintiff,       :
                                         :
    -against-                            :
                                         :
GLADYS CARRION, as Commissioner of       :
the New York State Office of Children    :
and Family Services, and THOMAS R.       : 07 CV 05773
FRIEDEN, M.D., as Commissioner of the    :
New York City Department of Health and   : Filed Electronically
Mental Hygiene                           :
                        Defendants,      :
                                         :
----------------------------------------X
```

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF STATE DEFENDANT'S
<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

<u>PRELIMINARY STATEMENT</u>

Defendant GLADYS CARRION, as Commissioner of the New York State Office of Children and Family Services ("State defendant" or "OCFS") respectfully submits this reply memorandum of law in further support of her motion for judgement on the pleadings pursuant to Fed. R. Civ. Proc. 12(c), and for a stay of discovery pending determination of this motion.

**ARGUMENT**

Point

**PLAINTIFF'S MEMORANDUM IN OPPOSITION FAILS TO REFUTE, BUT RATHER SUPPORTS, STATE DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

In her opposition to defendants' motions for judgment on the pleadings, plaintiff makes a major concession to State defendant's primary argument, i.e., that this Court lacks subject matter jurisdiction over this action because plaintiff fails to state a federal claim[1], by stating:

> Defendants correctly observe that Plaintiff is barred from enforcing the disparate impact regulations promulgated under § 602 fo Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, due to the Supreme Court's holding in Alexander v. Sandoval, 532 U.S. 275 (2001).

Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss [sic]("Plt's Opp.") at 17-18; see also Plt's Opp. at 1 ("Due Process may not require [defendants] to provide notices to Plaintiff in her own language"); Id. at 2 ("plaintiff is not attempting to enforce the Title VI disparate impact regulations in this action").

Notwithstanding this admission, plaintiff attempts to recast her complaint by arguing that State defendant's case law "addressed the Due Process right to receive notices in a language other than English, whereas the present case concerns the issue of whether a

---

[1] See Memorandum of Law in Support of State defendant's Motion for Judgment on the Pleadings ("Dft's Mem.") at 3-7 (Point I).

2

waiver of a constitutional right made in a language that one does not understand can be deemed knowing and therefore proper." Plt's Opp. at 22.

Beyond the fact that plaintiff's reasoning is circular (i.e., there is no Due Process right to notice in a language other than English, but such notice amounts to a Due Process violation because a non-English speaker can't understand it), she ignores the law of the very cases she relies on.

In Franciso v. Barnhart, 2003 WL 548870 (S.D.N.Y. 2003), which plaintiff touts as "a case of striking similarity," Plt's Opp. at 14, the Court found no waiver of the non-English speaking plaintiff's right to appear at an administrative hearing regarding the denial of her SSI benefits because of factors *in addition to* the language barrier, such as contradictory letters sent by defendant to plaintiff and her representative concerning the hearing. Id. at *3. The Court, however, bluntly stated that:

> A waiver will not be overturned solely because the plaintiff's primary language is not English.

Id., fn. 7 (emphasis in original).

Here, no such factors in addition to language are present. See Plt's Opp. at 22 ("the present case concerns the issue of whether a waiver of a constitutional right made in a language that one does not understand can be deemed knowing and therefore proper").

Therefore, plaintiff's refurbished argument is similarly without merit.

Plaintiff continues to miss the import of the cases she relies on by citing to Morris v. New York City Employee's Retirement System, 129 F. Supp. 2d 599 (2001), a case she claims is "based on very similar facts," Plt's Opp. at 11. This case tends, however, to support the third point in State defendant's main memorandum of law, i.e., that the proper venue for plaintiff's claims is an article 78 proceeding. In Morris, plaintiff signed a Waiver by which he applied for review of his denial of accidental disability benefits by the Special Medical Review Committee, and thus waived resort to an article 78 proceeding. Id. at 602. In finding a property right to bring an article 78 proceeding, the Court noted that:

> Article 78 proceedings have been found to satisfy the requirements of due process in a variety of contexts, including when survivor benefits were terminated by NYCERS without a hearing.

Id. at 608 (emphasis added).

Here, the stipulation at issue waived plaintiff's right to *a hearing*, not plaintiff's right to commence an article 78. Under the Morris Court's reasoning, the proper venue for plaintiff's claim of denial of *a hearing* is an article 78. 129 F. Supp. 2d at 608.

Based on the foregoing, State defendant is entitled to judgment on the pleadings due to this Court's lack of subject matter jurisdiction because plaintiff's claim for vacatur of her waiver of a hearing, based *solely* on her alleged inability to read English, fails to state a federal cause of action. Instead, as suggested by plaintiff's cited case law, her claim should be brought in an

article 78 proceeding.

## CONCLUSION

For the forgoing reasons, State defendant respectfully requests that this Court grant her motion for judgment on the pleadings and grant such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         February 8, 2008

Respectfully submitted,

ANDREW CUOMO,
 Attorney General
of the State of New York
Attorney for State defendant

By: _____
George A. Alvarez (GA2335)
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
212-416-8663