UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ESTERVINA PAULINO,                                    :

                                                      :

                    Plaintiff,                        :         07 Civ. 5773 (LAK) (GWG)

                                                      :
        -v.-                                          :         REPORT AND
                                                      :         RECOMMENDATION

COMMISSIONER GLADYS CARRION, et al.,                  :

                    Defendants.                       :
----------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

        Estervina Paulino has filed a complaint under 42 U.S.C. § 1983 and New York law based

on charges that the New York State Office of Children and Family Services ("OCFS") made

against her arising out of her operation of a home-based family day care program.  The charges

were resolved by a stipulation of settlement signed by Paulino and OCFS.

        Plaintiff has sued the Commissioner of OCFS, Gladys Carrion (the "State defendant"),

and the Commissioner of the New York City Department of Health and Mental Hygiene

("DOHMH"), Thomas R. Frieden, M.D. (the "City defendant").  Each now moves for judgment

on the pleadings pursuant to Fed. R. Civ. P. 12(c).  For the following reasons, the State

defendant's motion should be denied.  The City defendant's motion should be granted.

I.  BACKGROUND

        A.  The Allegations in the Complaint

        The following facts are taken from the complaint and are assumed to be true for the

purposes of this motion.

        Paulino is a registered family child care provider who speaks, reads and writes only in

Spanish.  <u>See</u> Complaint, filed June 18, 2007 (Docket # 2) ("Compl."), ¶¶ 24-25.  DOHMH is

aware of this.  <u>Id.</u> ¶ 25.  Paulino has orally communicated with DOHMH only in Spanish through

an interpreter or Spanish-speaking employees.  <u>Id.</u>

      At approximately 5:00 p.m. on October 5, 2006, one of four children in Paulino's care

was injured in an accident in which hot coffee spilled on the child.  <u>Id.</u> ¶ 26.  After Paulino

treated the burn with water and ointment, she contacted the child's foster parent, and the child

was taken to the hospital.  <u>Id.</u> ¶¶ 26-27.  The next day, a caseworker from the Administration for

Children's Services interviewed Paulino using a telephone interpretation service.  <u>Id.</u> ¶ 28.

Paulino was later notified by letter from the New York State Central Register that she was the

subject of an "indicated" report of suspected child abuse or maltreatment.  <u>Id.</u> ¶ 29.  State records

reflect that while the allegation of "burning/scalding" the child was "unsubstantiated," the

allegations of inadequate guardianship and lack of medical treatment were "substantiated."  <u>Id.</u>

¶ 30.  A "fair hearing" was scheduled for July 10, 2007.  <u>Id.</u>

      An inspector from the DOHMH also visited Paulino on October 6, 2006, and spoke to her

only in Spanish.  <u>Id.</u> ¶ 31.  On October 10, 2006, DOHMH sent Paulino a letter written in

English reporting violations and instructing her to submit a narrative, which the letter informed

her could be written in Spanish.  <u>Id.</u> ¶ 32.  Paulino submitted a Spanish narrative with an English

translation by her niece.  <u>Id.</u>

      On February 20, 2007, a Senior Attorney for OCFS's Child Care Enforcement Bureau,

Kelly Phillips, sent Paulino a letter and other documents written only in English.  <u>Id.</u> ¶ 33.  The

letter included a "Statement of Charges" and a "Stipulation of Settlement," and it informed

Paulino that, while OCFS was seeking $500 in fines, she could pay only $400 if she agreed to

settle and signed the stipulation.  Id.  The letter did not notify Paulino of her right to a hearing,

and OCFS never sent Paulino a notice of her right to a hearing with respect to the Statement of

Charges.  Id.  The Stipulation of Settlement provided that Paulino acknowledged the violations

in the Statement of Charges, and that "to avoid an administrative hearing," she agreed to pay a

fine of $400.  Id. ¶ 34.

Paulino could not read or understand these documents, and she called DOHMH for help

responding to them.  Id. ¶ 35.  The Manhattan Borough Manager of DOHMH's Bureau of Day

Care, Andrea Batts, advised Paulino in Spanish to sign the Stipulation of Settlement and pay the

fine.  Id.  DOHMH did not translate the Stipulation of Settlement into Spanish and did not

inform Paulino that she would give up her right to a hearing if she signed it.  Id.  Paulino signed

the Stipulation of Settlement and submitted it with a check for $400.  Id.

When Paulino sought the assistance of counsel on March 7, 2007, she was not aware of

the purpose of the stipulation or its legal implications.  Id. ¶ 36.  She also did not know she had a

right to a hearing, that she had given up that right by signing the stipulation, or that she had

acknowledged the existence of the violations in the Statement of Charges.  Id.  On March 9,

2007, Paulino's counsel wrote a letter to Phillips, the OCFS Senior Attorney who sent the

stipulation, requesting that the stipulation be rescinded and the matter scheduled for a hearing

because Paulino did not know what she was signing and was not represented by counsel.  Id.

¶ 37.  This request was denied on March 21, 2007.  Id. ¶ 38.  On May 10, 2007, Paulino's

counsel sent a letter to the OCFS Supervising Administrative Law Judge requesting that the pro

se stipulation be vacated and a hearing be scheduled for the matter.  Id. ¶ 39.  OCFS did not

respond to the request.  Id.

B.  Procedural History

Paulino filed her complaint in this case on June 18, 2007.  The complaint identifies two

bases for suit: 42 U.S.C. § 1983, Compl. ¶ 1; and Article 78 of New York Civil Practice Law and

Rules, Compl. ¶ 2.

The complaint identifies three causes of action.  First, OCFS failed to notify Paulino of

her right to a hearing to contest the charges and civil penalties, and failed to grant her a hearing

after she obtained counsel and requested one.  Id. ¶ 41. Second, both defendants improperly

induced plaintiff into entering into the stipulation without notifying her of her right to a hearing

and without offering a translation of the stipulation.  Id. ¶¶ 42-43.  Third, OCFS violated various

state regulations and laws by not giving Paulino notice of a hearing, entering into the stipulation,

and not giving her a hearing after it was requested.  Id. ¶¶ 44-45.

On January 7, 2008, the City defendant moved for judgment on the pleadings pursuant to

Fed. R. Civ. P. 12(c) and filed supporting papers.  See Notice of Motion, filed Jan. 7, 2008

(Docket # 17); Declaration of Mary O'Sullivan, filed Jan. 7, 2008 (Docket # 18); The City

Defendant's Memorandum of Law in Support of Its FRCP Rule 12(c) Motion on the Pleadings

and Motion for Stay of Discovery Pending Resolution of Its FRCP Rule 12(c) Motion, filed Jan.

7, 2008 (Docket # 19).  On January 18, 2008, the State defendant moved for judgment on the

pleadings pursuant to Fed. R. Civ. P. 12(c) and filed supporting papers.  See Notice of Motion,

filed Jan. 18, 2008 (Docket # 20); Memorandum of Law in Support of State Defendant's Motion

for Judgment on the Pleadings, filed Jan. 18, 2008 (Docket # 21) ("State Mem.").  Paulino

subsequently filed a memorandum in opposition to the motions.  See Plaintiff's Memorandum of

Law in Opposition to Defendants' Motions to Dismiss, filed Feb. 4, 2008 (Docket # 22) ("Pl.

4

Resp."). The State defendant filed reply papers. <u>See</u> Reply Memorandum of Law in Further

Support of State Defendant's Motion for Judgment on the Pleadings, filed Feb. 8, 2008 (Docket

# 23) ("State Reply").

II. <u>STANDARD OF REVIEW</u>

    A. <u>Failure to State A Claim</u>

    A motion for judgment on the pleadings under Rule 12(c) that seeks to dismiss for failure

to state a claim is analyzed under the same standard applicable to a motion under Rule 12(b)(6).

<u>See</u>, <u>e.g.</u>, <u>Sheppard v. Beerman</u>, 18 F.3d 147, 150 (2d Cir.), <u>cert.</u> <u>denied</u>, 513 U.S. 816 (1994). A

party may move for judgment pursuant to Fed. R. Civ. P. 12(b)(6) where the opposing party has

"fail[ed] to state a claim upon which relief can be granted." Separately, Fed. R. Civ. P. 8(a)(2)

requires only that a pleading contain "a short and plain statement of the claim showing that the

pleader is entitled to relief." Under this rule, a complaint "must simply 'give the defendant fair

notice of what the plaintiff's claim is and the grounds upon which it rests.'" <u>Kassner v. 2nd Ave.</u>

<u>Delicatessen Inc.</u>, 496 F.3d 229, 237 (2d Cir. 2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47

(1957)) (internal citation and quotation marks omitted)

    Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do. . . . Factual allegations must be enough to raise a right to relief above the

speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-65 (2007) (citations,

internal quotation marks, and brackets omitted); <u>see</u> <u>also</u> <u>id.</u> at 1966 (pleading must "possess

enough heft to show that the pleader is entitled to relief" (citations, internal quotation marks, and

brackets omitted)). Thus, "a complaint must allege facts that are not merely consistent with the

conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion." Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007). Or, as one case puts it, the factual allegations of a complaint must be sufficient "'to render the claim plausible.'" Boykin v. KeyCorp, 521 F.3d 202, 213 (2d Cir. 2008) (quoting Iqbal v. Hasty, 490 F.3d 143, 158 (2d Cir. 2007)) (emphasis omitted).

On a motion to dismiss for failure to state a claim, all factual allegations in the complaint are accepted as true. See Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002). While a court normally examines only these allegations on a motion to dismiss, "[d]ocuments that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered." Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007) (citation omitted).

B. Lack of Subject Matter Jurisdiction

Typically, a party moves to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). It is permissible, however, to use a motion under 12(c) for this purpose. See, e.g., Mac Pherson v. State St. Bank & Trust Co., 452 F. Supp. 2d 133, 136 (E.D.N.Y. 2006) (citing cases). "A Rule 12(c) motion for judgment on the pleadings based upon a lack of subject matter jurisdiction is treated as a Rule 12(b)(1) motion to dismiss the complaint." Id. (citing Weisman v. Internal Revenue Serv., 972 F. Supp. 185, 186-87 (S.D.N.Y. 1997)).

III. DISCUSSION

A. The State Defendant's Motion for Judgment on the Pleadings

In her first point heading, the State defendant asserts that she moves to dismiss the complaint "for lack of subject matter jurisdiction." State Mem. at 3. Yet, she cites not a single case or provision suggesting that the Court lacks subject matter jurisdiction over the claims

6

brought under 42 U.S.C. § 1983.  Instead, she asserts, incorrectly, that plaintiff "hinges her

claim" on an Executive Order.  Id. at 4.  She also asserts that there is no cause of action under

Title VI, 42 U.S.C. §§ 2000d-2000d-7, to enforce federal regulations promulgated under section

602 of Title VI, 42 U.S.C. § 2000d-1.  See State Mem. at 5.  Paulino concedes, however, that she

does not seek to assert a claim directly under Title VI.  Pl. Resp. at 2, 17.  And, indeed, her

complaint is clear that her claims for relief are based only on 42 U.S.C. § 1983 and Article 78 of

the Civil Practice Law and Rules.  Compl. ¶¶ 1, 2.

       To the extent the State defendant is arguing that this Court lacks subject matter

jurisdiction over the complaint based on some failure to state a section 1983 claim on the merits,

that argument is frivolous.  As the Supreme Court long ago held:

> Jurisdiction . . . is not defeated as respondents seem to contend, by the possibility
> that the averments might fail to state a cause of action on which petitioners could
> actually recover.  For it is well settled that the failure to state a proper cause of
> action calls for a judgment on the merits and not for a dismissal for want of
> jurisdiction.  Whether the complaint states a cause of action on which relief could
> be granted is a question of law and just as issues of fact it must be decided after
> and not before the court has assumed jurisdiction over the controversy.  If the
> court does later exercise its jurisdiction to determine that the allegations in the
> complaint do not state a ground for relief, then dismissal of the case would be on
> the merits, not for want of jurisdiction.

Bell v. Hood, 327 U.S. 678, 682 (1946) (citations omitted); accord In re Stock Exchs. Options

Trading Antitrust Litig., 317 F.3d 134, 150 (2d Cir. 2003) ("where a complaint is so drawn as to

seek recovery directly under the Constitution or laws of the United States the district court has

subject matter jurisdiction unless the federal claim clearly appears to be immaterial and made

solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and

frivolous" (citations and internal quotation marks omitted)); Spencer v. Casavilla, 903 F.2d 171,

173 (2d Cir. 1990) (court "should not dismiss a complaint asserting a nonfrivolous claim under

federal law for lack of jurisdiction even if the complaint fails to state a claim upon which relief

can be granted"); Falls Riverway Realty, Inc. v. City of Niagara Falls, N.Y., 754 F.2d 49, 55 n.3

(2d Cir. 1985) (where a party "simply . . . alleg[es] a cause of action, not patently frivolous on its

face, that purportedly arises under a federal statute, [the party has] made allegations sufficient to

sustain subject matter jurisdiction in the district court.  Whether a cause of action is stated that

can survive a motion to dismiss for failure to state a claim upon which relief can be granted is a

different question." (citations omitted)).  The State defendant makes no argument that the federal

claim under 42 U.S.C. § 1983 is frivolous or fits within any other exception to this rule.

Accordingly, the arguments regarding the merits of this claim need not be considered, and the

motion to dismiss for lack of subject matter jurisdiction should be denied.[1]

The State defendant next argues that this Court lacks "jurisdiction" over plaintiff's "state

law contract claim for rescission."  State Mem. at 10.  The complaint, however, is devoid of any

assertion that it is making a claim for rescission under "state contract" law.  Accordingly, this

branch of defendant's motion must also be denied.

---

[1]  In the same point heading in which she argues lack of subject matter jurisdiction, the
State defendant notes, in two paragraphs of text, that there is no merit to the notion that
plaintiff's due process rights were violated when she was not provided with translation services.
State Mem. at 5-7.  The brief then reverts to a discussion of the Executive Order.  It is possible
that the State defendant intended this portion of her brief to constitute a motion to dismiss the
complaint for failure to state a claim insofar as it alleges a due process violation under section
1983 based on the failure to provide translation services.  The brief nowhere so states, however,
and, indeed, the State defendant's reply brief repeatedly insists that it seeks judgment based on
the lack of "subject matter jurisdiction."  State Reply at 2, 4.  Accordingly, we will so interpret
the State defendant's motion and thus do not address any arguments regarding a motion to
dismiss for failure to state a claim, including those made by plaintiff in her opposition
memorandum.  Notably, Local Civil Rule 7.1 is clear that a memorandum of law must divide its
points into as many headings as there are points to be determined, and thus a request to dismiss
on the merits for failure to state a claim – if that was indeed what was intended – may not be
hidden within a request to dismiss for lack of subject matter jurisdiction.

Finally, the State defendant argues that the "the proper venue for resolution of plaintiff's claims was an Article 78 proceeding." Id. If this argument is being advanced in support of dismissal of specific claims, the claims at issue are not identified in the State defendant's brief. Perhaps the defendant means to argue that the Court should not exercise supplemental jurisdiction over any claims arising under Article 78. Id. at 12. But the brief never states as much.

In response, plaintiff makes no argument that the Court should assert supplemental jurisdiction over her Article 78 claim. See Pl. Resp. at 25-26. Indeed, she makes no reference at all to the complaint's assertion that she is raising a "pendent state law claim" under Article 78. See Compl. ¶ 2. Instead, she emphasizes that she is raising a "federal question." Pl. Resp. at 25.

Amidst this confusion, the Court might be justified in dismissing any purported pendent Article 78 claim. See, e.g., Bd. of Managers of Soho Int'l Arts Condo. v. City of New York, 2004 WL 1982520, at *28 (S.D.N.Y. Sept. 8, 2004) ("district courts in this circuit have consistently declined to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Article 78 claims" (citations omitted)); Blatch v. Hernandez, 360 F. Supp. 2d 595, 637 (S.D.N.Y. 2005) ("[Plaintiff's Article 78 claim] must be dismissed for lack of subject matter jurisdiction, as New York State has not empowered the federal courts to consider such claims."); Adler v. Pataki, 204 F. Supp. 2d 384, 396 (N.D.N.Y. 2002) (declining to exercise supplemental jurisdiction over Article 78 claim and noting that "district courts have refused to exercise supplemental jurisdiction over Article 78 claims . . . even where a plaintiff has one or more viable federal claims"). But inasmuch as the State defendant's brief is unclear as to whether she is seeking

9

such relief, the Court should not so rule at this time.[2]

       B.  <u>City Defendant's Motion for Judgment on the Pleadings</u>

Only the second claim in Paulino's complaint applies to the City defendant.  <u>See</u> Compl.

¶¶ 42-43.  In that claim, Paulino asserts that the "[d]efendants" violated her rights by

"improperly induc[ing]" her to sign the stipulation sent by the State defendant without notifying

her of her right to a hearing, without oversight by an impartial hearing officer, and without

offering her translation services.  Compl. ¶ 42.  The only relevant factual allegations that involve

the City appear in paragraph 35 of the complaint, in which Paulino alleges that she contacted

Andrea Batts at the DOHMH for assistance responding to the Statement of Charges and

Stipulation of Settlement that OCFS sent her, and that Batts advised her in Spanish to sign the

stipulation and pay the $400 fine without translating the documents or informing her that by

signing the stipulation she was waiving her right to a hearing.  Compl. ¶ 35.  Based on these

facts, Paulino argues that "Defendant DOHMH, in advising Plaintiff in her own language to sign

a stipulation without explaining that doing so would constitute a waiver of Plaintiff's right to a

hearing to contest the charges filed against her, deprived Plaintiff of the civil fine, placed her

home day care registration in jeopardy, and violated Plaintiff's right to Due Process."  Pl. Resp.

---

    [2] In this section of her brief, State Mem. at 10-12, the State defendant also cites to case law on an entirely different point: whether an Article 78 proceeding is "adequate" to satisfy the requirements of procedural due process where a property right is lost because of a random and unauthorized act by a state actor.  <u>See</u>, <u>e.g.</u>, <u>Marino v. Ameruso</u>, 837 F.2d 45, 47 (2d Cir. 1988). The brief on this point, however, makes no effort to explain how this argument applies to Paulino's complaint.  For example, it does not discuss any of the elements of procedural due process.  Nor does the brief conclude by identifying any federal claims it seeks to have dismissed.  It merely cites case law suggesting that a federal court should not adjudicate Article 78 claims.  Accordingly, the Court does not construe this portion of the brief as seeking dismissal of any federal cause of action based on a failure to state a claim.

at 10.

The allegations in the complaint, however, place the responsibility for any deprivation of a property interest squarely in the State defendant's hands: the State defendant issued the February 20 letter containing the charges; the State defendant included a stipulation of settlement with the letter; the State defendant signed that stipulation; and the State defendant demanded and received the $400 payment. There is simply nothing in the complaint that asserts the City defendant deprived Paulino of property.

Paulino's argues that the City has a "contract" with the State, Pl. Resp. at 24, but her complaint contains no such allegation. Paulino also points to regulations providing that "enforcement actions" may be undertaken by the City, id., but there is no suggestion in the complaint that the City took any "enforcement action" here or otherwise actually deprived Paulino of property. For what it is worth, Paulino (not the City defendant) initiated the contact with Batts, the City worker, after Paulino received notice of the charges from OCFS. Compl. ¶ 35.

Because she has not alleged any facts to establish that the City acted to deprive her of a property interest, Paulino has not stated a claim for violation of her due process rights against the City. Nor does the plaintiff state that she wishes to assert an Article 78 claim in this Court against the City defendant. Therefore, the City defendant's motion for judgment on the pleadings should be granted.

Conclusion

For the foregoing reasons, the State defendant's motion for judgment on the pleadings (Docket # 20) should be denied, and the City defendant's motion for judgment on the pleadings

(Docket # 17) should be granted.

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (e). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Lewis A. Kaplan, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Kaplan. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: July 1, 2008
    New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

(Docket # 17) should be granted.

## PROCEDURE FOR FILING OBJECTIONS TO THIS
### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties have ten (10) days from service of this Report and Recommendation to

serve and file any objections.  See also Fed. R. Civ. P. 6(a), (e).  Such objections (and any

responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon.

Lewis A. Kaplan, and to the undersigned, at 500 Pearl Street, New York, New York 10007.  Any

request for an extension of time to file objections must be directed to Judge Kaplan.  If a party

fails to file timely objections, that party will not be permitted to raise any objections to this

Report and Recommendation on appeal.  See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: July 1, 2008
      New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

12