UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
ESTERVINA PAULINO
                       Plaintiff,       :

    -against-                           :

GLADYS CARRION, as Commissioner of      :
the New York State Office of Children
and Family Services, and THOMAS R.      : **07 CV 05773**
FRIEDEN, M.D., as Commissioner of the
New York City Department of Health and  : Filed Electronically
Mental Hygiene
                       Defendants,      :

----------------------------------------X


**DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**


                              ANDREW M. CUOMO
                              Attorney General of the
                                State of New York
                              Attorney for State Defendant
                              120 Broadway - 24th Floor
                              New York, New York  10271

George A. Alvarez
Assistant Attorney General
 Of Counsel
212-416-8663

Marcia McCree
Legal Intern
(on the brief)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
ESTERVINA PAULINO
                        Plaintiff,      :

    -against-                           :

GLADYS CARRION, as Commissioner of      :
the New York State Office of Children
and Family Services, and THOMAS R.      : **07 CV 05773**
FRIEDEN, M.D., as Commissioner of the
New York City Department of Health and  : Filed Electronically
Mental Hygiene
                        Defendants,     :

----------------------------------------X


### DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


### PRELIMINARY STATEMENT

　　　　Defendant GLADYS CARRION, as Commissioner of the New York State Office of Children and Family Services("State defendant" or "OCFS") respectfully objects to the Report and Recommendation issued by Magistrate Judge Gabriel W. Gorenstein, filed July 2, 2008 ("RR"), to the extent that it recommended the denial of State defendant's motion for judgement on the pleadings pursuant to Fed. R. Civ. Proc. Rule 12(c).

### ALLEGATIONS OF THE COMPLAINT

　　　　Plaintiff is a state-registered family day care provider, and provides childcare in her apartment. Cplt ¶ 7.  Such providers are subject to regulatory supervision by the New York State Office of Children and Family Services (OCFS), and State

Defendant Carrion is the Commissioner of OCFS. Cplt ¶ 15.  On
February 20, 2007, OCFS charged plaintiff with violations of
State regulations as a result of an incident on October 5, 2006,
in which plaintiff spilled scalding hot coffee on a three year
old child's face and abdomen "resulting in first and second
degree burns to the child."  Statement of Charges, dated February
20, 2006 (referenced in Cplt ¶¶ 33-35).

     According to plaintiff, she was offered a stipulation of
settlement by State defendant and, in order "to avoid an
administrative hearing," id. ¶ 34, plaintiff "signed the
stipulation and submitted it with a check for [payment of the]
$400 [fine]," after first consulting with a bi-lingual manager of
City defendant and being advised, in Spanish, to sign the
stipulation. id. ¶ 35.

     Plaintiff brought this action pursuant to 42 U.S.C. § 1983,
seeking a judgment, inter alia, "[v]acating the stipulation of
settlement and directing OCFS to hold a hearing on the
allegations in the Statement of Charges."  Cplt at 11 (¶ d).
The gravamen of plaintiff's case is her claim that defendants
violated her due process rights by failing to translate the
stipulation into Spanish and her allegation that for this reason
she did not understand the document.  See Cplt ¶ 1.  While
plaintiff's prior course of conduct would appear to be
inconsistent with this claim, even assuming, arguendo, that it is

2

correct, under applicable law, defendants should be granted judgment on the pleadings.

## THE REPORT AND RECOMMENDATION

In his Report and Recommendation, Magistrate Judge Gorenstein recommended that State defendant's motion be denied in its entirety and that City defendant's motion be granted.

## ARGUMENT

### Point I

**SECTION 1983 DOES NOT CONFER JURISDICTION TO A DISTRICT COURT BUT MUST RELY INDIRECTLY ON CONSTITUTIONAL OR STATUTORY PROVISIONS, AND A COURT MUST FIRST DETERMINE WHETHER CONGRESS INTENDED TO CREATE A FEDERAL RIGHT ENFORCEABLE UNDER § 1983 OR DIRECTLY UNDER THE CONSTITUTION OR A FEDERAL STATUTE**

In recommending denial of State defendant's motion, the Magistrate Judge erroneously found that State defendant "cites not a single case or provision suggesting that the Court lacks subject matter jurisdiction over the claims under 42 U.S.C. § 1983," since plaintiff "concedes ... that she does not seek to assert a claim directly under Title VI," and her "complaint is clear that her claims for relief are based only on 42 U.S.C. § 1983 and Article 78 of the Civil Practice Law and Rules," RR at 6-7, since § 1983 does not itself confer jurisdiction and it requires the same analysis of Congressional intent required of suits brought directly under a statute. The Magistrate Judge did not address the gravamen of State defendant's motion, namely that

3

because plaintiff failed to set forth a cognizable federal claim, the federal action should be dismissed and the state law claims should be the subject of state court proceedings.

**A.    Section 1983 Does Not Confer Jurisdiction to a District Court but must Rely Indirectly on Provisions in the Constitution or Laws of the United States**

_____A § 1983 claim does not give rise to direct recovery under the Constitution or laws of the United States or confer jurisdiction to a district court but must rely indirectly on provisions in the Constitution or laws of the United States to grant jurisdiction and confer recovery. Chapman v. Houston Welfare Rights Org., 441 U.S. 601, 606-618, 995 S.Ct. 1995, 1910-1916  (1978) (A § 1983 claim is not jurisdictional, … Standing alone, § 1983 clearly provides no protection for civil rights since § 1983 does not provide any substantive rights at all); accord Pa. Pharmacists Ass'n v. Houstoun, 283 F.3d 521 (3d. Cir. 2001) ("a plaintiff alleging a violation of a federal statute may not proceed under § 1983 unless 1) the statute creates 'enforceable rights, privileges, or immunities within the meaning of § 1983' and 2) Congress has not 'foreclosed such enforcement of the statute in the enactment itself.'").

Here, the Magistrate Judge's finding that plaintiff's "claims for relief are based only on 42 U.S.C. § 1983", RR at 7 (emphasis added), is clearly insufficient to deny State defendant's motion where well established law shows that

4

plaintiff has no federal claim under § 1983.  Indeed, the Magistrate Judge notes that plaintiff concedes "that she does not seek to assert a claim directly under Title VI," and he does not cite any other Constitutional or federal statutory authority that would support plaintiff's assertion that she may maintain a federal action.

**B.    A Court must First Determine Whether Congress Intended to Create a Federal Right Enforceable under § 1983, No less than What Is Required for Congress to Create New Rights Enforceable under a Statute**

        The Supreme Court has decried the "confusion" that has led some courts to allow plaintiffs to enforce a statute under § 1983 with "something less than what is required for a statute to create rights enforceable directly from the statute itself." <u>Gonzaga University v. Doe</u>, 536 U.S. 273, 283, 122 S.Ct. 2268, 2275 (2002).  Rather,"the inquiries overlap in one meaningful respect - in either case we must first determine whether Congress <u>intended to create a federal right</u>."  <u>Id</u>. (emphasis in original).

> In sum, if Congress wishes to create new rights enforceable under § 1983, it must do so in clear and unambiguous terms - no less and no more than what is required for Congress to create new rights enforceable under an implied private right of action.

<u>Id</u>. at 290, 122 S.Ct. at 2279.

        As stated in State defendant's memorandum of law in support of her motion, Mem. at 4, the Supreme Court held that regulations promulgated under Title VI, § 602 - such as 45 C.F.R. § 80.3,

relied upon by plaintiffs (Cplt. ¶ 11) – do not display Congress'
intent to create a private right of action[1] and therefore no such
right of action exists.  Alexander v. Sandoval, 532 U.S. 275, 293,
121 S.Ct. 1511, 1523 (2001).

Significantly, the Supreme Court also noted that remedial
schemes such as that found in § 602 "foreclose a private cause of
action" under 42 U.S.C. § 1983.  532 U.S. at 290, 121 S.Ct. at
1522 (citing Middlesex County Sewerage Authority v. National Sea
Clammers Ass'n, 453 U.S. 1, 19-20, 101 S.Ct. 2615, 2625-2627
[when Congress forecloses private enforcement of federal statute
which provides its own enforcement procedure, such "may not be
bypassed by bringing suit directly under § 1983"]).

Therefore, federal courts cannot entertain a suit brought
pursuant § 1983 and based on Title VI, as the Magistrate Judge's
Report and Recommendation implies, any move than a suit brought
directly under Title VI.

---

[1] Whether or not a private right of action exists impacts a
court's subject matter jurisdiction.  See Stoneridge Investment
Partners, LLC v. Scientific Atlanta, Inc., __ U.S. __, 128 S.Ct.
751,772 (2008)("the Judiciary's recognition of an implied private
right of action ... conflicts with the authority of Congress
under Art. III to set the limits of federal
jurisdiction."[internal quotation marks and citations omitted]);
see also Gonzales v. L'Oreal USA, Inc., 488 F. Supp.2d 181,
185(S.D.N.Y. 2007)("[t]he Supreme Court has noted that, in the
absence of a private right of action, a federal court has subject
matter jurisdiction over a claim only if 'the plaintiff's right
to relief necessarily depends on resolution of a substantial
question of federal law.'")(quoting Franchise Tax Bd. v. Constr
Laborers Vacation Trust, 463 U.S. 1, 28, 1035, S.Ct. 2841, 2855
(1983).

## Point II

**NOTWITHSTANDING THAT IT IS PLAINTIFF'S BURDEN OF PROVING SUBJECT MATTER JURISDICTION BY A PREPONDERANCE OF THE EVIDENCE, STATE DEFENDANT CITES TO SEVERAL CASES AND PROVISIONS THAT DEMONSTRATE THE COMPLAINT FAILS TO ADEQUATELY PLEAD A BASIS FOR FEDERAL RELIEF AND THUS FAILS TO SHOW SUBJECT MATTER JURISDICTION**

Magistrate Judge Gorenstein further erred in finding that State defendant "cites not a single case or provision suggesting that the Court lacks subject matter jurisdiction over the claims under 42 U.S.C. § 1983," RR at 6, because such conclusion is both legally and factually incorrect. If, as State defendant argues, there is no cognizable federal claim, there is no basis for this action in federal court.

**A.    Plaintiff has the Burden of Proving Subject Matter Jurisdiction by a Preponderance of the Evidence**

As a preliminary matter, the Magistrate Judge has inappropriately shifted the burden of proving subject matter jurisdiction from plaintiff to State defendant. See Aurecchione v. Schoolman Transp. System, Inc., 426 F.3d 635, 638 (2d Cir. 2005)(with regards to a 12(b)(1) motion to dismiss, "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence.") Further, "[W]hen the question to be considered is one of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party

7

asserting it." <u>Shipping Financial Services Corp. v. Drakos</u>, 140 F.3d 129, 131 (2d Cir. 1998).

Here, the Magistrate Judge mistakenly ruled that State defendant was required to establish the absence of subject matter jurisdiction, as opposed to scrutinizing the plaintiff's failure to make a showing that she had pleaded a basis for federal relief. RR at 6.  The Magistrate Judge appears to find subject matter jurisdiction based "only" on § 1983, without analysis of the legal deficiencies in plaintiff's pleading of a Federal Statutory or Constitutional right that plaintiff was allegedly deprived of.  State defendant's motion showed that no such claim pertains, and thus there is no basis for finding that § 1983 provides a federal forum here.

**B.    A Review of State Defendant's Memorandum of Law Reveals Citation to Several Cases and Provisions That Demonstrate that there is no Cognizable Federal claim and thus no Ground for Subject Matter Jurisdiction**

State defendant's memorandum of law included citation to several cases and provisions that demonstrate the complaint lacks subject matter jurisdiction.  Indeed, the very first line of State defendant's first point states:

> This Court lacks subject matter jurisdiction over this action.  "The first inquiry in <u>any</u> <u>§ 1983 suit</u> ... is whether the plaintiff has been deprived of a right secured by the Constitution and laws." <u>Baker v. McCollan</u>, 443 U.S. 137, 140 (1979) (internal quotation marks omitted).

Mem. at 3-4 (emphasis added).  State defendant then goes on to refute the applicability of the statutes, regulations and other provisions cited by plaintiff.  Mem. at 4 (discussing merits of Executive Order 13166, 68 Fed. Reg. 47311, and 45 C.F.R. § 80.3 cited by plaintiffs).

State defendant then affirmatively cites the <u>Alexander</u> case for the proposition that a private federal right of action can not be premised on regulations like those cited by plaintiff (<u>see</u> discussion, Point I, <u>supra</u>, and various Second Circuit and district court cases that hold that plaintiff may not base her claims directly on the Due Process clause. Mem. at 5-7.

State defendant ends her first point by demonstrating that she is actually in compliance with the "authorities" cited by plaintiff.  Mem. at 7.

Therefore, contrary to the Magistrate Judges' Report and Recommendation, State defendant indeed cited authority showing that since there is no cognizable federal right to base a claim for relief under section 1983, there is no platform for the exercise of federal jurisdiction.

### Point III

**THE COMPLAINT IS FRIVOLOUS IN LIGHT OF THE FAILURE TO STATE A BASIS FOR A FEDERAL CLAIM WHETHER UNDER TITLE VI PURSUANT TO SECTION 1983 OR DIRECTLY UNDER THE DUE PROCESS CLAUSE**

The Magistrate Judge also erred in finding that State Defendant's motion should be denied because she failed to show

9

that the federal claim under 42 U.S.C. § 1983 is frivolous.  RR
at 8.

First, as discussed in Point I, _supra_, the Magistrate Judge
makes no determination as to what the alleged "federal claim
under 42 U.S.C. § 1983" actually is.  _See_ _Chapman_, 441 U.S. at
606-618 (§ 1983 claim does not confer jurisdiction, but must rely
indirectly on provisions in the Constitution or laws of the
United States).

Second, after citing the proposition restated in the block
quote in Point II, _supra_, State defendant's memo of law states
that "[h]ere, plaintiff's pleadings fail to set forth a claim of
deprivation of plaintiff's rights under the Constitution or
federal law."  Mem. at 4.  In her reply memo, State defendant
states that "plaintiff makes a major concession to State
defendant's primary [subject matter jurisdiction] argument,"
engages in "circular" reasoning and "ignores the law of the very
cases she relies on."  Thus, State defendant plainly asserted
that plaintiff made no showing of a basis for a federal claim,
and the Magistrate Judge erred in denying State defendant's
motion.

Further, the case at bar can be distinguished from _Bell v._
_Hood_, 327 U.S. 678, 66 S.Ct. 773 (1946)(cited in the Report and
Recommendation at 7), which found plaintiff's case not to be
frivolous because it raised a matter of first impression, _id_ at

683-684 ("whether federal courts can grant money recovery for damages said to have been suffered as a result of federal officers violation the Fourth and fifth Amendments ... has never been specifically decided by this Court").  Moreover, a claim is "wholly insubstantial" or "obviously frivolous" if its unsoundness clearly results from previous decisions.  <u>Hagans v. Lavine</u>, 415 U.S. 528, 538, 94 S.Ct. 1372, 1379-1380 (1974).

Here, this case is not one of first impression, and it is frivolous in light of the cases cited or otherwise referred to in State, defendant's motion or at Point I, <u>supra</u> (regarding Title VI vis-a-vis Section 1983), and Point II, <u>supra</u> (regarding the Due Process Clause), all showing that plaintiff's purported federal claims are unfounded.

## Point IV

**SINCE THE STIPULATION SOUGHT TO BE INVALIDATED IS THE PRODUCT OF A STATE ADMINISTRATIVE PROCEEDING, THE MAGISTRATE JUDGE ERRED IN HOLDING THAT PLAINTIFF IS NOT REQUIRED TO SEEK THE RELIEF OF RECISION IN STATE COURT**

The Magistrate Judge further erred in finding that "State defendant next argues that this Court lacks 'jurisdiction' over plaintiff's 'state law contract claim for rescission'" should be denied because "[t]he complaint ... is devoid of any assertion that it is making a claim for recision under 'state contract' law."  RR at 8.  This finding both ignores the facts as pleaded and misapprehends the law.

11

Factually, as stated in State defendant's memorandum of law:

> Plaintiff's basic argument sounds in contract law, <u>i.e.</u>, there was no "meeting of the minds" because she did not understand the terms of the stipulation since defendants failed to translate the stipulation into Spanish. <u>See</u> Cplt ¶ 1. Additionally, plaintiff claims the stipulation was in violation of state law. <u>See</u> Cplt ¶¶ 33 (stipulation imposed a fine "<u>[i]n violation of OCFS' own regulations</u>, [because the stipulation] did not give Ms. Paulino any notice of her right of a hearing." [emphasis added]), 16 (citing 18 N.Y.C.R.R § 414.3(f)(2), prohibiting OCFS from imposing a fine without a hearing[2]) and ¶ 2 ("Plaintiff also brings a pendent state law claim under New York Civil Practice Law and Rules Article 78").

Mem. at 9-10.

Legally, the Magistrate Judge failed to recognize the fundamental principle stated in <u>Rumain v. Baruch College of the City University of New York</u>, 2007 WL 1468885 (S.D.N.Y.), a Title VII case of pregnancy discrimination in which plaintiff sought, <u>inter alia</u>, vacatur of a stipulation, where this Court stated that:

> this relief cannot be obtained on plaintiff's current motion. In addressing this question, we distinguish ... between recision as a remedy that plaintiff may seek on a common-law contract claim (which, as we have noted,

---

[2]This prohibition, however, should not apply to a stipulation of settlement. <u>See</u> <u>Wright v. Eastman Kodak Company</u>, 445 F. Supp. 2d 314, 317(W.D.N.Y. 2006)("'it is well settled that stipulation s of settlement are favored by the courts, and are not to be lightly cast aside'")(quoting Brock v. Brock, 256 A.D.2d 375, 376 (2d Dep't 1998).

> is barred in this Court by the Eleventh
> Amendment) and vacatur of the settlement
> agreement and judgement in the 1998 lawsuit,
> which may be available to a plaintiff in
> federal court under Rule 60(b) [by the
> Federal judge who entered it in a separate
> action].

2007 WL 1468885, *3.

_____Here, since the stipulation at issue in this case is the

product of a State administrative proceeding, and not a federal

court order, there is no basis for the exercise of federal

jurisdiction over this contact based claim.[3]

### Point V

**THE MAGISTRATE JUDGE'S REFERENCE TO LOCAL
CIVIL RULE 7.1 WAS MISPLACED BECAUSE STATE
DEFENDANT PROPERLY PRESENTED THE ARGUMENT
THAT THE COMPLAINT FAILED TO STATE COGNIZABLE
FEDERAL CLAIM AND DID NOT PREJUDICE PLAINTIFF
OR THE COURT**

Lastly, the Magistrate Judge erred in relying on Local Civil

Rule 7.1 to deny the alternative remedy of dismissal for failure

to state a cause of action because the rule purportedly supports

the proposition that "a request to dismiss on the merits for

---

[3] Additionally, the Magistrate Judge expresses "confusion" over whether to dismiss "any purported pendent Article 78 claim," which the Magistrate Judge admits was part of "the complaint's assertion[s]," because "State defendant's brief is unclear as to whether she is seeking such relief." RR at 9-10. To the extent that State defendant stated that "[s]ince plaintiff's alleged due process claims are a thinly veiled attempt to have a federal court hear what is properly characterized as a state law claim based on of an administrative proceeding, the proper venue for plaintiff's claims should be an article 78 proceeding," Mem. at 10, that issue was - and is - properly presented.

13

failure to state a claim ... may not be hidden within a request to dismiss for lack of subject matter jurisdiction," RR at 8, n. 1, since, <u>inter alia</u>, there was no finding that there was any willful failure to comply with Local Civil Rule 7.1.

Initially, a Court may grant dismissal for lack of subject matter jurisdiction or, in the alternative, for failure to state a cause of action. <u>See generally</u> <u>Jemzura v. Belden</u>, 281 F. Supp. 200, 205 (N.D.N.Y. 1968)("[n]evertheless, lest it be said that the Court should assume jurisdiction to determine whether the complaint fails to states a cause of action upon which relief can be granted, <u>Bell v. Hood</u> [327 U.S.] at 681-683 ... the Court in the alternative holds that the instant complaint fails to state a claim upon which relief can be granted and is dismissed").

Rule 7.1 states, in pertinent part, that:

> all motions ... shall be supported by a memorandum of law, setting forth the points and authorities relied upon in support of ... the motion, and divided, under appropriate headings, into as many parts as there are points to be determined. <u>Willful failure</u> to comply with this rule <u>may</u> be deemed sufficient cause for the denial of a motion.

<u>Id</u>. (emphasis added). Thus, the failure to comply requires a finding that the such failure was "willful," and, in any event, denial of the motion is not mandatory. Indeed, courts have used their discretion to forgo denial of motions pursuant to 7.1 in cases where the Court was able to "glean[ a party's] arguments"

from other sources (such as affirmations), <u>Ames v. Jillian Mechanical Corp.</u>, 2008 WL 858992*3 (E.D.N.Y.); because a party "has not been prejudiced by [another party's] failure to file a memorandum of law," <u>Paladino v. Potter</u>, 2007 WL 4255247*2 (E.D.N.Y.); or just "in the interests of thoroughness," <u>Healthfirst, Inc. . Medco Health Solutions, Inc.</u>, 2006 WL 3711567*3 (S.D.N.Y.).

Here, the Magistrate Judge did not indicate that State defendant's failure to comply with 7.1 was willful, nor that the plaintiff was in any way prejudiced.  Further, the Report and Recommendation suggests that the Magistrate Judge gleaned State defendant's argument. RR at 8, n.1 ("[i]t is possible that the State defendant intended this portion of her brief to constitute a motion to dismiss the complaint for failure to state a claim insofar as it alleges a due process violation under section 1983 based on the failure to provide translation services").  A fair review of State defendant's motion shows that the argument that plaintiff failed to state a cognizable claim was presented for decision, and that the Magistrate Judge mistakenly found otherwise.  Accordingly, this court should reach that issue and overturn the Magistrate Judge's recommendation.

Consequently, it is respectfully submitted that the Magistrate Judge's denial of State defendant's motion on the alternative basis of failure to state a claim upon which relief can be granted should not be upheld.

## CONCLUSION

For the reasons stated herein, the State defendant respectfully objects to the Magistrate Judge's Report and Recommendation in that it recommended denying her motion for judgement on the pleadings pursuant to Fed. R. Civ. Proc. Rule 12(c), requests that the Court grant that motion and grant such further relief as the Court deems just and proper.

Dated:    New York, New York
          July 17, 2008

                                Respectfully submitted,

                                ANDREW CUOMO,
                                 Attorney General
                                of the State of New York
                                Attorney for State defendant


                                By:
                                ____/S/_____
                                George A. Alvarez (GA2335)
                                Assistant Attorney General
                                120 Broadway,  24th Floor
                                New York, New York 10271
                                212-416-8663

Marcia McCree
Legal Intern
(on the brief)

16

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . iii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . 1

ALLEGATIONS OF THE COMPLAINT . . . . . . . . . . . . . . . . 1

THE REPORT AND RECOMMENDATION . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Point I   -    SECTION 1983 DOES NOT CONFER JURISDICTION
               TO A DISTRICT COURT BUT MUST RELY INDIRECTLY
               ON CONSTITUTIONAL OR STATUTORY PROVISIONS,
               AND A COURT MUST FIRST DETERMINE WHETHER
               CONGRESS INTENDED TO CREATE A FEDERAL RIGHT
               ENFORCEABLE UNDER § 1983 OR DIRECTLY UNDER
               THE CONSTITUTION OR A FEDERAL STATUTE . . . . . 3

A.    Section 1983 Does Not Confer Jurisdiction
      to a District Court but must Rely Indirectly
      on Provisions in the Constitution or Laws of
      the United States . . . . . . . . . . . . . . . . . . . 4

B.    A Court must First Determine Whether Congress
      Intended to_Create a Federal Right Enforceable
      under § 1983, No less than What Is Required for
      Congress to Create New Rights Enforceable under
      a Statute . . . . . . . . . . . . . . . . . . . . . . . 5

Point II  -    NOTWITHSTANDING THAT IT IS PLAINTIFF'S
               BURDEN OF PROVING SUBJECT MATTER
               JURISDICTION BY A PREPONDERANCE OF
               THE EVIDENCE, STATE DEFENDANT CITES
               TO SEVERAL CASES AND PROVISIONS THAT
               DEMONSTRATE THE COMPLAINT FAILS TO
               ADEQUATELY PLEAD A BASIS FOR FEDERAL
               RELIEF AND THUS FAILS TO SHOW SUBJECT
               MATTER JURISDICTION . . . . . . . . . . . . . . 7

A.    Plaintiff has the Burden of Proving Subject Matter
      Jurisdiction by a Preponderance of the Evidence . . . . 7

Page

B.   A Review of State Defendant's Memorandum
     of Law Reveals Citation to Several Cases
     and Provisions That Demonstrate that there
     is no Cognizable Federal claim and thus no
     Ground for Subject Matter Jurisdiction . . . . . . . . . . 8

Point III -    THE COMPLAINT IS FRIVOLOUS IN
               LIGHT OF THE FAILURE TO STATE
               A BASIS FOR A FEDERAL CLAIM
               WHETHER UNDER TITLE VI PURSUANT
               TO SECTION 1983 OR DIRECTLY UNDER
               THE DUE PROCESS CLAUSE . . . . . . . . . . . . 9

Point IV  -    SINCE THE STIPULATION SOUGHT TO BE
               INVALIDATED IS THE PRODUCT OF A STATE
               ADMINISTRATIVE PROCEEDING, THE MAGISTRATE
               JUDGE ERRED IN HOLDING THAT PLAINTIFF IS
               NOT REQUIRED TO SEEK THE RELIEF OF RECISION
               IN STATE COURT  . . . . . . . . . . . . . . . 11

Point V  -     THE MAGISTRATE JUDGE'S REFERENCE TO
               LOCAL CIVIL RULE 7.1 WAS MISPLACED
               BECAUSE STATE DEFENDANT PROPERLY
               PRESENTED THE ARGUMENT THAT THE
               COMPLAINT FAILED TO STATE COGNIZABLE
               FEDERAL CLAIM AND DID NOT PREJUDICE
               PLAINTIFF OR THE COURT . . . . . . . . . . . 13

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . 16

## TABLE OF AUTHORITIES

**Cases**                                                                **Page**

Ames v. Jillian Mechanical Corp.,
    2008 WL. 8589923 (E.D.N.Y.) . . . . . . . . . . . . .    15

Aurecchione v. Schoolman Transport System, Inc.,
    426 F.3d 635 (2d Cir. 2005)(with regards to a 12(b)(1)  .  7

Baker v. McCollan,
    443 U.S. 137 (1979) . . . . . . . . . . . . . . . . .    8

Bell v. Hood,
    327 U.S. 678 (1946) . . . . . . . . . . . . . . . . .    10

Chapman v. Houston Welfare Rights Organization,
    441 U.S. 601 (1978) . . . . . . . . . . . . . . . . 4, 10

Gonzaga University v. Doe,
    536 U.S. 273 (2002) . . . . . . . . . . . . . . . . .    5

Gonzales v. L'Oreal USA, Inc.,
    488 F. Supp. 2d 181 (S.D.N.Y. 2007)S . . . . . . . . .    6

Hagans v. Lavine,
    415 U.S. 528 (1974) . . . . . . . . . . . . . . . . .    11

Healthfirst, Inc. . Medco Health Solutions, Inc.,
    2006 WL. 37115673 (S.D.N.Y.) . . . . . . . . . . . .    15

Jemzura v. Belden,
    281 F. Supp. 200 (N.D.N.Y. 1968) . . . . . . . . . .    14

Middlesex County Sewerage Authority v.
    National Sea Clammers Association,
    453 U.S. 1 . . . . . . . . . . . . . . . . . . . . .    6

Pa. Pharmacists Association v. Houstoun,
    283 F.3d 521 (3d. Cir. 2001) . . . . . . . . . . . .    4

Paladino v. Potter,
    2007 WL. 42552472 (E.D.N.Y.) . . . . . . . . . . . .    15

Rumain v. Baruch College of the
    City University of New York,
    2007 WL. 1468885 (S.D.N.Y.) . . . . . . . . . . .    12

**Cases**                                                                **Page**

Shipping Financial Services Corp. v. Drakos,
    140 F.3d 129 (2d Cir. 1998) . . . . . . . . . . . . . . . 8

Stoneridge Investment Partners, LLC v.
    Scientific Atlanta, Inc.,
    128 S. Ct. 751 (2008) . . . . . . . . . . . . . . . . . . 6

Wright v. Eastman Kodak Company,
    445 F. Supp. 2d 314 (W.D.N.Y. 2006) . . . . . . . . . . 12


**STATUTES**

45 C.F.R. § 80.3 . . . . . . . . . . . . . . . . . . . . 5, 9
Executive Order 13166, 68 Fed. Reg. 47311 . . . . . . . . . . 9
42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . passim
07 CV 05773 . . . . . . . . . . . . . . . . . . . . . . . . 1
18 N.Y.C.R.R §414.3(f)(2) . . . . . . . . . . . . . . . . . 12
§ 602 . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fed. R. Civ. Proc. Rule 12(c) . . . . . . . . . . . . . . 1, 16
Rule 7.1 . . . . . . . . . . . . . . . . . . . . . . . 13, 14
Rule 60(b) . . . . . . . . . . . . . . . . . . . . . . . . 13
Title VI . . . . . . . . . . . . . . . . . . . . . . . . . 6
Title VI, § 602 – . . . . . . . . . . . . . . . . . . . . . 5
Title VII . . . . . . . . . . . . . . . . . . . . . . . . 12