UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————————x

ESTERVINA PAULINO,

                                07 CV 5773 (LAK) (GWG)

        Plaintiff,

  -against-

                                SCHEDULING ORDER

GLADYS CARRION, as Commissioner of the
New York State Office of Children and Family
Services, and THOMAS R. FRIEDEN, M.D., as
Commissioner of the New York City Department
of Health and Mental Hygiene,

        Defendants.
——————————————————————————x

    1. A pre conference was held before the undersigned on July 21, 2008.

Appearances for parties:

Attorneys for Plaintiff ESTERVINA PAULINO:

| John C. Gray (JG 9872) | Raun Rasmussen (RR 6036) |
|---|---|
| South Brooklyn Legal Services | Legal Services for New York City |
| 105 Court Street | 350 Broadway, 6th Floor |
| Brooklyn, NY 11201 | New York, NY 10013 |
| (718) 237-5500 | (212) 431-7200 |

Attorneys for Defendant GLADYS CARRION:
ANDREW M. CUOMO
Attorney General of the State of New York
By: George Alvarez, (GA 2335) Assistant Attorney General
120 Broadway
New York, NY 10271
(212) 416-8663

Attorneys for Defendant THOMAS R. FRIEDEN, M.D.
Mary O'Sullivan, (MO 8495) of Counsel
Corporation Counsel of the City of New York
100 Church Street
New York, NY 10007
(212) 788-1003

2. Defendant's previously applied to the court for a stay of Discovery, which was granted by Order dated March 25, 2008. On July 1, 2008 the stay imposed by the March 25, 2008 Order was vacated insofar as it pertains to the State defendant.

3. Proposed Schedule

a. The date for document requests and initial interrogatories is September 21, 2008.

b. The non-expert witnesses who are expected at this time to be deposed:

> An employee with information pertaining to the Language Access policy, OCFS
> An employee with information pertaining to the Administrative Hearing process for Bureau of Day Care Enforcement, OCFS
> An employee with information on the Hearing and Settlement procedure, OCFS
> Estervina Paulino, Plaintiff

(State defendant contemplates objecting to the deposition of OCFS employees.)

d. The date by which all discovery will be completed is November 18, 2008.

e. At this time no expert witnesses are expected.

f. The date by which depositions of experts shall be completed: not applicable.

g. The date by which pretrial motions, if any, will be filed; or, if no such motions are contemplated, the date by which plaintiff will supply pretrial order materials to defendant is December 18, 2008. The date by which the parties will submit a joint pretrial order in accordance with the procedure of the judge before whom the trial will be conducted is January 18, 2009.[1]

4. No limitations, protective orders, or confidentiality orders exist at this time.

5. At this time all parties have been able to reach an agreement on all discovery issues. (State defendant has reached no agreement regarding discovery not expressed in this letter.)

---

[1] The parties shall follow the rules of the assigned District Judge with respect to any pre-motion conference, filing or other requirements for dispositive motions.

6. Anticipated fields of expert testimony: not applicable.

7. Anticipated length of the trial: 1 day. No jury has been requested.

8. (a) The parties would like to engage in settlement discussions at the completion of discovery. (State defendant has offered a settlement of this action which was rejected by plaintiff's counsel;) (b) The parties welcome the aid of the Magistrate Judge. The parties do not request the supervision of a private mediator, or a mediator from the SDNY Mediation Program.

9. All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any contention that a party has not responded properly to a discovery request must be brought to the Court's attention immediately and in accordance with the Court's Individual Practices. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application. The application also must state the position of all other parties on the proposed extension and must show good cause therefore not foreseeable as of the date of this Order. 'Good cause' as used in this paragraph does not include circumstances within the control of counsel or the party. Any application not in compliance with this paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions.

Dated: New York, New York
    July 21, 2008

SO ORDERED:

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

3